# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| COBBLESTONE WIRELESS, LLC, *Plaintiff,* v. CISCO SYSTEMS, INC. *Defendant*. | Case No. 2:23-cv-00454 <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Cobblestone Wireless, LLC ("Cobblestone") files this complaint against Defendant Cisco Systems, Inc. ("Defendant" or "Cisco") alleging infringement of U.S. Patent No. 7,924,802 (the "'802 patent") (the "Patent-in-Suit" or "Asserted Patent").

### Plaintiff Cobblestone and the Patent-in-Suit

1. Plaintiff Cobblestone Wireless, LLC is a limited liability company organized under the laws of the State of Texas, with an address at 101 E. Park Blvd., Suite 600, Plano, Texas 75074.

2. Defendant Cisco Systems, Inc. is a corporation organized under the laws of the State of Delaware, with its principal place of business at 170 West Tasman Drive, San Jose, California 95134. Cisco has as its registered agent for service: Corporation Service Company dba CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin TX 78701-3218. Cisco has been registered to do business in the state of Texas under Texas SOS file number 8243306.

1

## Jurisdiction and Venue

3.  This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.  This Court has personal jurisdiction over Cisco in this action because Cisco has committed acts of infringement within this District giving rise to this action, has a regular and established place of business in this District, and has established minimum contacts with this forum such that the exercise of jurisdiction over Cisco would not offend traditional notions of fair play and substantial justice. Cisco, directly and/or through subsidiaries or intermediaries, conducts its business extensively throughout Texas, by shipping, distributing, offering for sale, selling, and advertising its products and/or services in the State of Texas and the Eastern District of Texas, regularly does business or solicits business, engages in other persistent courses of conduct, and/or derives substantial revenue from products and/or services provided to individuals in the State of Texas, and commits acts of infringement of Plaintiff's Patent in this District by, among other things, making, using, importing, offering to sell, and selling products and/or services that infringe the Asserted Patent, including without limitation the 802.11ac and 802.11ax-compliant station and access point products accused of infringement in this case offered by Cisco.

5.  Cisco, directly and/or through subsidiaries or intermediaries, has purposefully and voluntarily placed one or more products and/or services in the stream of commerce that practice the Asserted Patent with the intention and expectation that they will be purchased and used by consumers in the Eastern District of Texas. These products and/or services have been and continue to be purchased and used in the Eastern District of Texas.

6. Venue as to Cisco is proper in this District under 28 U.S.C. §§ 1391 and 1400(b). On information and belief, Cisco resides in this District and/or has committed acts of infringement and has a regular and established place of business in this District.

7. For example, Cisco has regular and established places of business in the Eastern District of Texas, including at 2250 and 2300 East President George Bush Turnpike, Richardson, Texas 75082.

**Count 1 – Claim for infringement of the '802 patent.**

8. Cobblestone incorporates by reference each of the allegations in paragraphs 1–7 above and further alleges as follows:

9. Plaintiff owns by assignment all rights, title, and interest in U.S. Patent No. 7,924,802 (the "'802 Patent"), entitled "Wireless Communication Systems and Methods." The '802 Patent was duly and legally issued by the United States Patent and Trademark Office on April 12, 2011. A true and correct copy of the '802 Patent is attached as Exhibit 1.

10. On information and belief, Cisco makes, uses, offers for sale, sells, and/or imports certain products ("Accused Instrumentalities"), including 802.11ac and 802.11ax-compliant station and access point products that support 80+80 MHz channel width, including without limitation Cisco-Meraki MR53, that directly infringe, literally and/or under the doctrine of equivalents, at least Claim 1 of the '802 Patent.

11. Cisco also knowingly and intentionally induces infringement of at least Claim 1 of the '802 Patent in violation of 35 U.S.C. § 271(b). Through at least the filing and service of this Complaint, Cisco has had knowledge of the '802 Patent and the infringing nature of the Accused Instrumentalities. Despite this knowledge of the '802 Patent, Cisco continues to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction

materials on its website) to use the Accused Instrumentalities in ways that directly infringe the '802 Patent. Cisco does so knowing and intending that its customers and end users will commit these infringing acts. Cisco also continues to make, use, offer for sale, sell, and/or import the Accused Instrumentalities, despite its knowledge of the '802 Patent, thereby specifically intending for and inducing its customers to infringe the '802 Patent through the customers' normal and customary use of the Accused Instrumentalities.

12. Cisco has also infringed, and continue to infringe, at least Claim 1 of the '802 Patent by selling, offering for sale, or importing into the United States, the Accused Instrumentalities, knowing that the Accused Instrumentalities constitute a material part of the inventions claimed in the '802 Patent, are especially made or adapted to infringe the '802 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use. Cisco has been, and currently is, contributorily infringing the '802 Patent in violation of 35 U.S.C. §§ 271(c) and (f).

13. The Accused Instrumentalities satisfy all claim limitations of one or more claims of the '802 Patent. A claim chart comparing independent claim 1 of the '802 Patent to representative Accused Instrumentalities is attached as Exhibit 2.

14. By making, using, offering for sale, selling and/or importing into the United States the Accused Instrumentalities, Cisco has injured Plaintiff and are liable for infringement of the '802 Patent pursuant to 35 U.S.C. § 271.

15. As a result of Cisco's infringement of the '802 Patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Cisco's infringement, but in no event less than a reasonable royalty for the use made of the invention by Cisco, together with interest and costs as fixed by the Court.

**Jury Trial Demanded**

16. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Cobblestone requests a trial by jury of any issues so triable by right.

**Prayer for Relief**

Plaintiff Cobblestone respectfully requests the following relief from this Court:

A. A judgment in favor of Cobblestone that Cisco has infringed, either literally and/or under the doctrine of equivalents, the '802 Patent, and that the '802 Patent are valid, enforceable, and patent-eligible;

B. A judgment and order requiring Cisco to pay Cobblestone compensatory damages, costs, expenses, and pre-judgment and post-judgment interest for its infringement of the Asserted Patent, as provided under 35 U.S.C. § 284;

C. Any and all injunctive and/or equitable relief to which Cobblestone may be entitled including, but not limited to, ongoing royalties with respect to Cisco's infringement of the '802 Patent;

D. A judgment and order requiring Cisco to provide an accounting and to pay supplemental damages to Cobblestone, including, without limitation, pre-judgment and post-judgment interest;

E. A judgment and order finding that this case is exceptional under 35 U.S.C. § 285, and an award of Cobblestone's reasonable attorney's fees and costs; and

F. Any and all other relief to which Cobblestone may be entitled.

Dated: September 29, 2023

Respectfully submitted,

*/s/ Reza Mirzaie*
Reza Mirzaie
CA State Bar No. 246953
Marc A. Fenster
CA State Bar No. 181067
Neil A. Rubin

CA State Bar No. 250761
Christian W. Conkle
CA State Bar No. 306374
Amy E. Hayden
CA State Bar No. 287026
Jonathan Ma
CA State Bar No. 312773
Jacob R. Buczko
CA State Bar No. 269408
Peter Tong
TX State Bar No. 24119042
Matthew D. Aichele
VA State Bar No. 77821
RUSS AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA  90025
Telephone: 310-826-7474
Email: rmirzaie@raklaw.com
Email: mfenster@raklaw.com
Email: nrubin@raklaw.com
Email: cconkle@raklaw.com
Email: ahayden@raklaw.com
Email: jma@raklaw.com
Email: jbuczko@raklaw.com
Email: ptong@raklaw.com
Email: maichele@raklaw.com

**ATTORNEYS FOR PLAINTIFF,
COBBLESTONE WIRELESS, LLC**