# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| COBBLESTONE WIRELESS, LLC<br><br>Plaintiff,<br><br>v.<br><br>CISCO SYSTEMS, INC.<br><br>Defendant. | Case No. 2:23-cv-00454-JRG-RSP<br>(Lead Case)<br><br>JURY TRIAL DEMANDED |

### DEFENDANT CISCO SYSTEMS, INC.'S ANSWER AND DEFENSES
### TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

Defendant Cisco Systems, Inc. ("Cisco") hereby files its Answer to Plaintiff Cobblestone Wireless, LLC's ("Plaintiff" or "Cobblestone") Complaint for Patent Infringement (the "Complaint") and responds to each of the numbered paragraphs as follows:

### Plaintiff Cobblestone and the Patent-in-Suit

1.	Cisco is without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 1, and therefore denies the same.

2.	Cisco admits that it is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business located at 170 West Tasman Drive, San Jose, California 95134; that its registered agent is Corporation Service d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218; and that it is registered to do business in the state of Texas.

### Jurisdiction and Venue

3.	Cisco admits that the Complaint purports to make a claim for patent infringement arising under Title 35 of the United States Code, and does not dispute that this Court has subject

matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), but denies that Plaintiff is entitled to any relief.

4. Cisco does not contest personal jurisdiction in this particular action. Cisco denies that it has committed acts of infringement within the Eastern District of Texas, or any other District within the State of Texas. Cisco otherwise denies the remaining allegations of Paragraph 4.

5. Cisco admits that its products and/or services are purchased and/or used in this District. Cisco denies the remaining allegations of Paragraph 5.

6. Cisco will not contest that venue is proper in this District for purposes of this action. Cisco denies that this District is a convenient venue in which to litigate this action and reserves all rights to pursue a motion in that regard. To the extent that the allegations of Paragraph 6 of the Complaint set forth legal conclusions, no response is required. Cisco otherwise denies the remaining allegations in Paragraph 6.

7. Cisco admits that it conducts business in this District and maintains offices at 2300 East President George Bush Turnpike, Richardson, Texas, 75082. Cisco otherwise denies the remaining allegations in Paragraph 7.

### Count 1 – Claim for Infringement of the '802 Patent

8. Cisco incorporates by reference, as if fully set forth herein, its responses to the allegations in the preceding paragraphs.

9. Cisco admits that a document purporting to be a copy of U.S. Patent No. 7,924,802 entitled "Wireless Communications Systems and Methods" ("the '802 Patent") was attached as Exhibit 1 to the Complaint. Cisco is without knowledge or information sufficient to form a belief about the Plaintiff's ownership of the '802 Patent, and therefore denies the same. Cisco admits that the face of the '802 Patent bears an issue date of April 12, 2011. Cisco denies that the '802

Patent was duly and legally issued. Cisco denies the remaining allegation set forth in Paragraph 9.

10. Cisco admits that it sells products that are compatible with the "ac" and "ax" amendments to the IEEE 802.11 standard. Cisco denies having committed any acts of patent infringement, including with respect to any of the products identified as "Accused Instrumentalities" with respect to the '802 Patent. Cisco otherwise denies the remaining allegations set forth in Paragraph 10.

11. Cisco denies all allegations set forth in Paragraph 11.

12. Cisco denies all allegations set forth in Paragraph 12.

13. Cisco admits that what purports to be a claim chart of independent claim 1 of the '802 Patent is attached to the Complaint as Exhibit 2. Cisco denies the remaining allegations set forth in Paragraph 13.

14. Cisco denies all allegations set forth in Paragraph 14.

15. Cisco denies all allegations set forth in Paragraph 15.

## Jury Trial Demanded

16. Cisco admits that the Complaint sets forth a demand for a trial by jury.

## Prayer for Relief

Cisco denies that Plaintiff is entitled to any of the relief requested in Paragraphs A-F of Plaintiff's Prayer for Relief, or any other relief of any kind.

## CISCO'S DEFENSES

Subject to its responses above, and upon information and belief, Cisco alleges and asserts the following defenses in response to the allegations in the Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such

defenses are denominated herein. In addition to the defenses described below, subject to the responses above, Cisco specifically reserves all rights to allege defenses, such as permitted by any scheduling order or that become known through the course of discovery. Cisco denies that Plaintiff is entitled to any relief whatsoever, either as prayed for or otherwise.

### FIRST DEFENSE – NON-INFRINGEMENT

Cisco has not infringed and does not infringe any valid and enforceable claim of the Patent-in-Suit directly, contributorily, by way of inducement, or under the doctrine of equivalents.

### SECOND DEFENSE – INVALIDITY/INELIGIBILITY

Each asserted claim of the Patent-in-Suit is invalid for failure to satisfy one or more of the provisions of Title 35 of the United States Code, including, but not limited to 35 U.S.C. §§ 101, 102, 103, and 112. By way of example only, each asserted claim is invalid in light of the references cited on their face, the admitted prior art in the specifications, arguments, and references cited in prosecution of the Patent-in-Suit, and the knowledge of a person of skill in the art.

### THIRD DEFENSE – UNAVAILABILITY OF PRE-SUIT DAMAGES

To the extent that the Plaintiff asserts patent claims for which the marking requirements of 35 U.S.C. § 287(a) are applicable, Plaintiff has failed to plead compliance with that requirement. Accordingly, Plaintiff is barred from recovering any damages for alleged infringement pre-dating the date on which it provided actual notice to Cisco of the Patent-in-Suit.

### FOURTH DEFENSE – STATUTE OF LIMITATIONS

Plaintiff is barred from recovering damages for alleged acts of infringement occurring outside the statute of limitations, 35 U.S.C. § 286.

### **FIFTH DEFENSE – EXPRESS OR IMPLIED LICENSE**

Plaintiff's claims for patent infringement are barred in whole or in part: (i) to the extent any allegedly infringing products are supplied, directly or indirectly, to Cisco by an entity or entities having express or implied licenses to the Patent-in-Suit; (ii) to the extent Cisco is alleged to infringe the Patent-in-Suit indirectly by supplying products, directly or indirectly, to an entity or entities having express or implied licenses to the Patent-in-Suit; and (iii) to the extent Plaintiff's infringement allegations are based in whole or in part upon Cisco's use or sale of products in which Plaintiff's patent rights have exhausted or are subject to the first-sale doctrine.

### **SIXTH DEFENSE – SALES TO UNITED STATES GOVERNMENT**

To the extent any products accused of infringement in this case are used by and/or manufactured in the United States Government or a person or entity affiliated with the United States Government, Plaintiff's claims with respect to those products cannot be pursued in this Court and are subject to other limitations under 38 U.S.C. § 1498.

### **SEVENTH DEFENSE – LACK OF STANDING**

Plaintiff may lack standing to assert claims for patent infringement under the Patent-in-Suit based on its lack of ownership of all right, title, and interest to the Patent-in-Suit. Defendants are investigating, and intend to investigate through discovery, whether any other person or entity owns all or part of the rights to the Patent-in-Suit.

### **EIGHTH DEFENSE – FAILURE TO STATE A CLAIM**

Plaintiff's Complaint fails to state a claim upon which relief can be granted under Federal Rules of Civil Procedure 12(b)(6).

## ADDITIONAL DEFENSES

Cisco reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses at law or in equity that may exist now or that may be available in the future based on discovery and further factual investigation in this action.

## CISCO'S PRAYER FOR RELIEF

Cisco prays for judgment against Plaintiff as follows:

A. Dismissing Plaintiff's Complaint with prejudice, denying each and every prayer for relief therein, and entering judgment for Cisco;

B. If this case is determined to be exceptional, awarding Cisco its reasonable attorneys' fees and costs pursuant to 35 U.S.C. § 285; and

C. Granting Cisco such other and further relief as the Court may deem necessary, just, or proper.

## JURY DEMAND

In accordance with Rule 38 of the Federal Rules of Civil Procedure and Local Rule CV-38, Cisco respectfully demands a jury trial of all issue so triable to a jury in this action.

Dated:  December 8, 2023

Respectfully submitted,

*/s/ Eric H. Findlay*
Eric H. Findlay
efindlay@findlaycraft.com
State Bar No. 00789886
**FINDLAY CRAFT, P.C.**
7270 Crosswater Avenue, Suite B
Tyler, Texas 75703
Telephone: (903) 534-1100
Facsimile: (903) 534-1137

Holly Engelmann
State Bar No. 24040865
**DUANE MORRIS LLP**
Las Cimas IV
900 S. Capital of Texas Hwy., Suite 300
Austin, Texas 78746
Tel: (512) 277-2246
Fax: (512) 597-2301
HEngelmann@duanemorris.com

Louis N. Jameson
GA State Bar No. 003970
Matthew S. Yungwirth
GA State Bar No. 783597
Jayla C. Grant
GA State Bar No. 312669
**DUANE MORRIS LLP**
1075 Peachtree Street NE, Suite 1700
Atlanta, GA 30309
Tel: (404) 253-6915
Fax: (404) 253-6901
WJameson@duanemorris.com
msyungwirth@duanemorris.com
JCGrant@duanemorris.com

***ATTORNEY FOR DEFENDANT
CISCO SYSTEMS, INC.***

## CERTIFICATE OF SERVICE

I certify that on December 8, 2023 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Eric H. Findlay*
Eric H. Findlay