**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| COBBLESTONE WIRELESS, LLC<br><br>Plaintiff,<br><br>v.<br><br>CISCO SYSTEMS, INC.<br><br>Defendant. | Case No. 2:23-cv-00454-JRG-RSP<br>(Lead Case) |
| COBBLESTONE WIRELESS, LLC<br><br>Plaintiff,<br><br>v.<br><br>HEWLETT PACKARD ENTERPRISE<br>COMPANY, ARUBA NETWORKS, LLC<br><br>Defendants. | Case No.  2:23-cv-00457-JRG-RSP<br>(Member Case)<br><br>**JURY TRIAL DEMANDED** |

**HEWLETT PACKARD ENTERPRISE AND ARUBA NETWORKS, LLC ANSWER AND**
**DEFENSES TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**

Defendants Hewlett Packard Enterprise Company ("HPE") and Aruba Networks, LLC ("Aruba") (collectively, "Defendants") file their Answer and Defenses to Plaintiff Cobblestone Wireless, LLC's ("Plaintiff" or "Cobblestone") Complaint for Patent Infringement (the "Complaint") and responds to each of the numbered paragraphs as follows:

1.     Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 1, and therefore denies the same.

2.     Defendants admit that HPE is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business located at 1701 E Mossy Oaks Road,

Spring, TX 77389; that its registered agent is C T Corporation System, 1999 Bryan St., Ste 900, Dallas, Texas 75201-3136; and that it is registered to do business in the State of Texas.

3.       Defendants admit that Aruba is a limited liability company organized and existing under the laws of the State of Delaware, with a principal place of business located at 6280 America Center Dr., San Jose, CA 95002; that its registered agent is CT Corporation System, 1999 Bryan St., Ste 900, Dallas, Texas 75201-3136; and that it is registered to do business in the state of Texas. Defendants admit that Aruba is a wholly owned subsidiary of HPE.

4.       Defendants admit that the Complaint purports to make a claim for patent infringement arising under Title 35 of the United States Code, and does not dispute that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), but denies that Plaintiff is entitled to any relief.

5.       To the extent the allegations of this Paragraph state a legal conclusion, no response thereto is required. To the extent a response is deemed to be required, Defendants do not challenge that this Court has personal jurisdiction over them for the purposes of this action only. Defendants deny that they have committed acts of infringement within the Eastern District of Texas, or any other District within the State of Texas. Defendants deny that Aruba has a continuous presence or systematic contact with this district. Defendants otherwise deny the remaining allegations of Paragraph 5.

6.       Defendants admit that HPE's products and/or services are purchased and/or used in this District.  Defendants deny the remaining allegations of Paragraph 6.

7.       To the extent the allegations of this Paragraph state a legal conclusion, no response thereto is required. To the extent that a response is deemed to be required, Defendants do not contest venue in this District for purposes of this action only.  Aruba denies that it resides in or has

**HPE AND ARUBA'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT** – Page 2

a place of business in this District.  HPE admits that it has a place of business in this District. Defendants deny that this District is a convenient venue in which to litigate this action and reserves all rights to pursue a motion in that regard. Defendants otherwise deny the remaining allegations in Paragraph 7.

8.      Defendants admit that HPE conducts business in this district and maintains offices at 6080 Tennyson Parkway, Suite 400, Plano, Texas 75024. Defendants deny that Aruba maintains a regular and established place of business in this district.

9.      Defendants incorporate by reference, as if fully set forth herein, its responses to the allegations in the preceding paragraphs.

10.     Defendants admit that a document purporting to be a copy of U.S. Patent No. 7,924,802 entitled "Wireless Communications Systems and Methods" ("the '802 Patent") was filed as Exhibit 1 to the Complaint.  Defendants are without knowledge or information sufficient to form a belief about the Plaintiff's ownership of the '802 Patent, and therefore denies the same. Defendants admit that the face of the '802 Patent bears an issue date of April 12, 2011.  Defendants deny that the '802 Patent was duly and legally issued.

11.     Defendants admit that HPE directly or through its affiliates sells products that are compatible with the "ac" and "ax" amendments to the IEEE 802.11 standard. Defendants deny having committed any acts of patent infringement, including with respect to any of the products identified as "Accused Instrumentalities" with respect to the '802 Patent.  Defendants otherwise deny the remaining allegations set forth in Paragraph 11.

12.     Defendants deny all allegations set forth in Paragraph 12.

13.     Defendants deny all allegations set forth in Paragraph 13.

14.     Defendants admit that what purports to be a claim chart of independent claim 1 of the '802 Patent is attached to the Complaint as Exhibit 2.  Defendants deny the remaining allegations set forth in Paragraph 14.

15.     Defendants denies all allegations set forth in Paragraph 15.

16.     Defendants denies all allegations set forth in Paragraph 16.

17.     Defendants admit that the Complaint sets forth a demand for a trial by jury.

18.     Defendants deny that Plaintiff is entitled to any of the relief requested in Paragraphs A-F of Plaintiff's Prayer for Relief, or any other relief of any kind.

## DEFENDANTS' DEFENSES

Subject to its responses above, and upon information and belief, Defendants allege and assert the following defenses in response to the allegations in the Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.  In addition to the defenses described below, subject to the responses above, Defendants specifically reserve all rights to allege defenses, such as permitted by any scheduling order or that become known through the course of discovery.  Defendants deny that Plaintiff is entitled to any relief whatsoever, either as prayed for or otherwise.

## FIRST DEFENSE – NON-INFRINGEMENT

Defendants have not infringed and do not infringe any valid and enforceable claim of the Patent-in-Suit directly, contributorily, by way of inducement, or under the doctrine of equivalents.

## SECOND DEFENSE – INVALIDITY/INELIGIBILITY

Each asserted claim of the Patent-in-Suit is invalid for failure to satisfy one or more of the provisions of Title 35 of the United States Code, including, but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.  By way of example only, each asserted claim is invalid in light of the references

cited on their face, the admitted prior art in the specifications, arguments, and references cited in

prosecution of the Patent-in-Suit, and the knowledge of a person of skill in the art.

### THIRD DEFENSE – UNAVAILABILITY OF PRE-SUIT DAMAGES

To the extent that Plaintiff asserts patent claims for which the marking requirements of 35

U.S.C. § 287(a) are applicable, Plaintiff has failed to plead compliance with that requirement.

Accordingly, Plaintiff is barred from recovering any damages for alleged infringement pre-dating

the date on which it provided actual notice to Defendants of the Patent-in-Suit.

### FOURTH DEFENSE – STATUTE OF LIMITATIONS

Plaintiff is barred from recovering damages for alleged acts of infringement occurring

outside the statute of limitations, 35 U.S.C. § 286.

### FIFTH DEFENSE - EXPRESS OR IMPLIED LICENSE

Plaintiff's claims for patent infringement are barred in whole or in part: (i) to the extent

any allegedly infringing products are supplied, directly or indirectly, to Defendants by an entity or

entities having express or implied licenses to the Patent-in-Suit; (ii) to the extent Defendants are

alleged to infringe the Patent-in-Suit indirectly by supplying products, directly or indirectly, to an

entity or entities having express or implied licenses to the Patent-in-Suit; and (iii) to the extent

Plaintiff's infringement allegations are based in whole or in part upon Defendants' use or sale of

products in which Plaintiff's patent rights have exhausted or are subject to the first-sale doctrine.

### SIXTH DEFENSE – SALES TO UNITED STATES GOVERNMENT

To the extent any products accused of infringement in this cases are used by and/or

manufactured for the United States Government or a person or entity affiliated with the United

States Government, Plaintiff's claims with respect to those products cannot be pursued in this

Court and are subject to other limitations under 38 U.S.C. § 1498.

## SEVENTH DEFENSE – LACK OF STANDING

Plaintiff may lack standing to assert claims for patent infringement under the Patent-in-Suit based on its lack of ownership of all right, title, and interest to the Patent-in-Suit. Defendants are investigating, and intend to investigate through discovery, whether any other person or entity owns all or part of the rights to the Patent-in-Suit.

## EIGHTH DEFENSE – FAILURE TO STATE A CLAIM

Plaintiff's Complaint fails to state a claim upon which relief can be granted under Federal Rules of Civil Procedure 12(b)(6).

## ADDITIONAL DEFENSES

HPE and Aruba reserve all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses at law or in equity that may exist now or that may be available in the future based on discovery and further factual investigation in this action.

## RELIEF REQUESTED

HPE and Aruba respectfully request that the Court enter judgment against Plaintiff as follows:

A.    Dismissing Plaintiff's Complaint with prejudice, denying each and every prayer for relief therein, and entering judgment for Defendants;

B.    If this case is determined to be exceptional, awarding Defendants reasonable attorneys' fees and costs pursuant to 35 U.S.C. § 285; and

C.    Granting Defendants such other and further relief as the Court may deem necessary, just, or proper.

## JURY DEMAND

Defendants demand a jury trial of all issue so triable.

Dated:  December 8, 2023

Respectfully submitted,

/s/ Jennifer H. Doan
Jennifer H. Doan
Texas Bar No. 08809050
Joshua R. Thane
Texas Bar No. 24060713
HALTOM & DOAN
6500 Summerhill Road, Suite 100
Texarkana, TX 75503
Tel: (903) 255-1000
Fax: (900) 255-0800
Email: jdoan@haltomdoan.com
Email: jthane@haltomdoan.com

Matthew S. Yungwirth
GA State Bar No. 783597
Louis N. Jameson
GA State Bar No. 003970
**DUANE MORRIS LLP**
1075 Peachtree Street NE, Suite 1700
Atlanta, GA 30309
Tel: (404) 253-6915
Fax: (404) 253-6901
WJameson@duanemorris.com
msyungwirth@duanemorris.com

Tyler Marandola
PA State Bar No. 313585
**DUANE MORRIS LLP**
30 S. 17th Street
Philadelphia, PA 19103
Tel: (215) 979-1000
Fax: (215) 979-1020
tmarandola@duanemorris.com

*ATTORNEY FOR DEFENDANTS*
*HEWLETT PACKARD ENTERPRISE*
*COMPANY, ARUBA NETWORKS, LLC*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the above and foregoing document has been served via the Court's ECF system on December 8, 2023.

*/s/ Jennifer H. Doan*
Jennifer H. Doan