**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| COBBLESTONE WIRELESS, LLC | § § § | |
| v. | § § | Case No. 2:23-CV-0454-JRG-RSP<br>LEAD CASE |
| CISCO SYSTEMS, INC. | § § | |

**DISCOVERY ORDER**

After a review of the pleaded claims and defenses in this action, in furtherance of the management of the Court's docket under Federal Rule of Civil Procedure 16, and after receiving the input of the parties to this action, it is ORDERED AS FOLLOWS:

1.  **Initial Disclosures.** In lieu of the disclosures required by Federal Rule of Civil Procedure 26(a)(1), each party shall disclose to every other party the following information:

    (a)   the correct names of the parties to the lawsuit;

    (b)   the name, address, and telephone number of any potential parties;

    (c)   the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

    (d)   the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by any such person;

    (e)   any indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

 (f) any settlement agreements relevant to the subject matter of this action; and

 (g) any statement of any party to the litigation.

2. **Disclosure of Expert Testimony.**[1] A party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703 or 705, and:

 (a) if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony, provide the disclosures required by Federal Rule of Civil Procedure 26(a)(2)(B) and Local Rule CV-26; and

 (b) for all other such witnesses, provide the disclosure required by Federal Rule of Civil Procedure 26(a)(2)(C).

3. **Additional Disclosures.** Without awaiting a discovery request,[2] each party will make the following disclosures to every other party:

 (a) provide the disclosures required by the Patent Rules for the Eastern District of Texas with the following modifications to P.R. 3-1 and P.R. 3-3:

  i. If a party claiming patent infringement asserts that a claim element is a software limitation, the party need not comply with P.R. 3-1 for those claim elements until 30 days after source code for each Accused Instrumentality is produced by the opposing party. Thereafter, the party claiming patent infringement shall identify, on an element-by-element basis for each

---

[1] All expert reports should be written such that the report is organized with discrete paragraph numbers.
[2] The Court anticipates that this disclosure requirement will obviate the need for requests for production.

                asserted claim, what source code of each Accused Instrumentality allegedly satisfies the software limitations of the asserted claim elements.

        ii.    If a party claiming patent infringement exercises the provisions of Paragraph 3(a)(i) of this Discovery Order, the party opposing a claim of patent infringement may serve, not later than 30 days after receipt of a Paragraph 3(a)(i) disclosure, supplemental "Invalidity Contentions" that amend only those claim elements identified as software limitations by the party claiming patent infringement.

(b)    produce or permit the inspection of all documents, electronically stored information, and tangible things in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action, except to the extent these disclosures are affected by the time limits set forth in the Patent Rules for the Eastern District of Texas; and

(c)    provide a complete computation of any category of damages claimed by any party to the action, and produce or permit the inspection of documents or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of injuries suffered, except that the disclosure of the computation of damages may be deferred until the time for Expert Disclosures if a party will rely on a damages expert.

**4.**    **Protective Orders.**  The Court will enter the parties' Agreed Protective Order.

**5.**    **Discovery Limitations.**  The discovery in this cause is limited to the disclosures described in Paragraphs 1-3 together with:

(a) **Interrogatories**: Plaintiff may not serve more than 30 common interrogatories on Defendants Side (as defined below), collectively, and 10 individual interrogatories on each Defendant Group (as defined below). Defendants Side may not serve more than 30 common interrogatories on Plaintiff, collectively, and each Defendant Group may not serve more than 10 individual interrogatories on Plaintiff.

(b) **Requests for Admissions:** No Defendant Group, nor Plaintiff, shall serve more than 40 Requests for Admission (RFAs) on substantive issues. RFAs directed to authenticity, admissibility, or status of a document as prior art do not count against the RFA limit.

(c) **Deposition Notices**: Deposition discovery may commence at any time. However, before depositions of the Parties commence, each side (as defined below) will serve their Rule 30(b)(6) notice(s) in an effort to avoid either side having to reproduce any fact witnesses as a corporate designee. Witnesses shall not be recalled absent good cause. Notwithstanding the foregoing, this shall not preclude a party from serving a supplemental Rule 30(b)(6) notice(s) that is limited to topics that could not have been anticipated at the time the initial notice was served.

(d) **Depositions of party fact witnesses:**

• Each Defendant Group shall be subject to a maximum of 55 hours of depositions of party fact witnesses.

• Plaintiff shall be subject to a maximum of 55 hours of deposition. To reduce redundancy and inconvenience to the Parties, the Defendants may coordinate

and allocate those hours to subjects common to all Defendants and to testimony that is specific to each Defendant Group. If Plaintiff designates only one or two witnesses as its 30(b)(6) witnesses who are also noticed as 30(b)(1) witnesses, each Defendant Group shall be allowed up to 7 hours with each witness. Likewise, if an inventor is also a 30(b)(6) witness, each Defendant Group shall be allowed up to an additional 3 hours with that inventor.

• Regardless of the actual length of record time, for any witness a party chooses to depose who is not designated as a 30(b)(6) witness, each deposition shall count for a minimum of 3.5 hours of record time.

• Party fact witnesses include a party's corporate designees under FRCP 30(b)(6) and a party's directors, officers, employees, agents, and representatives deposed in their individual capacity under FRCP 30(b)(1). The Parties shall endeavor to depose any party fact witnesses within one day, except for reasons set forth above.

• Each party reserves the right to seek an adjustment of these time limits based upon changes to the scope of discovery, the number of witnesses identified in initial disclosures, or the addition or dismissal of any Parties, in this case. These provisions, further, may be amended by agreement of the Parties.

The above cumulative limits on deposition time do not constitute any agreements by the Parties that an opposing Party is entitled to take its maximum hours of testimony from them; nor does this cumulative limit alter the limitation on each deposition's duration specified under the Federal Rules.

(e) **Third-party Depositions**: Third-party depositions shall be subject to the 7-hour duration limits specified under the Federal Rules. Each side may take a total of 56 hours of third-party depositions (excluding expert depositions).

(f) **Expert Depositions:** The Parties shall meet and confer in advance of each expert deposition to determine the appropriate number of hours of deposition per expert, but generally, no single expert will be deposed for more than 7 hours total per report. The Parties will meet and confer in the event that a Party feels that more than 7 hours is needed for the deposition of any expert. Notwithstanding the foregoing, if an expert offers [non]infringement or damages opinions in a single report for or against more than one Defendant Group, that expert may be deposed for an additional 3 hours for each additional Defendant Group for which they offer opinions (e.g., if an expert offers infringement opinions for both the Cisco and HPE Defendant Groups, they may be deposed for 10 hours. If any party serves a supplemental expert report, the Parties will meet and confer on whether any deposition is needed and if so, what the duration of the deposition should be.

(g) **FRCP 30(a)(2)(i).** The parties do not need to obtain leave of Court under Federal Rule of Civil Procedure 30(a)(2)(A)(i) to take a deposition in accordance with the above deposition limits in subparts (d)-(h) even if a deposition would result in more than 10 depositions being taken under that rule or Rule 31.

(h) **Translated depositions:** For any deposition that requires translation between English and any foreign language, the time limits set forth above shall be

        doubled, wherein if an entire deposition is translated, the taking party is entitled to 14 hours of deposition time of which 7 hours shall count towards the deposition limits established in this Order. In no event however shall a witness be required to testify for more than 7 hours of actual deposition time during any single day unless otherwise stipulated or ordered.

    (i) **Definitions**: "Side" means a party or a group of parties with a common interest, i.e., Defendants comprise one side and the Plaintiff comprises the other side. A "Defendant Group" is the group of commonly accused Defendants identified in a single complaint, i.e., the HPE Defendant Group is Hewlett Packard Enterprise Company and Aruba Networks, LLC. The Cisco Defendant Group is Cisco Systems, Inc.

Any party may later move to modify these limitations for a good cause.

6. **Privileged Information.** There is no duty to disclose privileged documents or information. However, the parties are directed to meet and confer concerning privileged documents or information after the Status Conference. By the deadline set in the Docket Control Order, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection. Any party may move the Court for an order compelling the production of any documents or information identified on any other party's privilege log. If such a motion is made, the party asserting privilege shall respond to the motion within the time period provided by Local Rule CV-7. The party asserting privilege shall then file with the Court within 30 days of the filing of the motion to compel any proof

in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for *in camera* inspection. However, if the party asserting privilege seeks an *in camera* review by the Court, such party shall first obtain leave from the Court prior to delivery of documents to the Court.

7. **Signature.**  The disclosures required by this Order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made.  If feasible, counsel shall meet to exchange disclosures required by this Order; otherwise, such disclosures shall be served as provided by Federal Rule of Civil Procedure 5.  The parties shall promptly file a notice with the Court that the disclosures required under this Order have taken place.

8. **Duty to Supplement.**  After disclosure is made pursuant to this Order, each party is under a duty to supplement or correct its disclosures **immediately** if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

9. **Discovery Disputes.**

    (a)   Except in cases involving claims of privilege, any party entitled to receive disclosures ("Requesting Party") may, after the deadline for making disclosures, serve upon a party required to make disclosures ("Responding Party") a written statement, in letter form or otherwise, of any reason why the Requesting Party believes that the Responding Party's disclosures are insufficient.  The written statement shall list, by category, the items the Requesting Party contends should be produced.  The parties shall promptly meet and confer.  If the parties are unable to

resolve their dispute, then the Responding Party shall, within 14 days after service of the written statement upon it, serve upon the Requesting Party a written statement, in letter form or otherwise, which identifies (1) the requested items that will be disclosed, if any, and (2) the reasons why any requested items will not be disclosed. The Requesting Party may thereafter file a motion to compel.

(b) An opposed discovery related motion, or any response thereto, shall not exceed 7 pages. Attachments to a discovery related motion, or a response thereto, shall not exceed 5 pages. No further briefing is allowed absent a request or order from the Court.

(c) Prior to filing any discovery related motion, the parties must fully comply with the substantive and procedural conference requirements of Local Rule CV-7(h) and (i). Within 72 hours of the Court setting any discovery motion for a hearing, each party's lead attorney (*see* Local Rule CV-11(a)) and local counsel shall meet and confer in person or by telephone, without the involvement or participation of other attorneys, in an effort to resolve the dispute without Court intervention.

(d) Counsel shall promptly notify the Court of the results of that meeting by filing a joint report of no more than two pages. Unless excused by the Court, each party's lead attorney shall attend any discovery motion hearing set by the Court (though the lead attorney is not required to argue the motion).

(e) Any change to a party's lead attorney designation must be accomplished by motion and order.

(f) Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-

        26(e). If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(e).

10. **No Excuses.** A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures. Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.

11. **Filings.** Only upon request from chambers shall counsel submit to the court courtesy copies of any filings.

12. **Proposed Stipulations by the Parties Regarding Discovery.**

    (a) **Service by Electronic Mail:** The Parties will make every effort to serve all documents electronically, either by ECF or by email. The parties agree to accept service by email to all counsel of record for the party to be served. Where a document is too large to serve by email, the serving party shall send an email notice providing instructions for downloading the document via FTP or similar file transfer service.

    (b) **Third Party Discovery:** A party who receives documents from a third party pursuant to a subpoena will reproduce those documents to the other party within a reasonable time, which is approximately three (3) to five (5) business days in most cases. Where reproduction of documents within a reasonable time is not possible, the party who received the documents will provide prompt notice to the other party and will work in good faith to resolve the issue on a case-by-case basis. If a third-party document production is made within five (5) business

days of a deposition of that third party, the receiving party shall produce those documents immediately and without delay to opposing counsel. The noticing party agrees to provide reasonable notice, including updates, to all other parties regarding third-party depositions with a third party, including if any such deposition is taken off-calendar or rescheduled to another time, such that, for example, all other parties have a fair opportunity to attend the deposition. A party may not unreasonably withhold proposed third-party deposition dates. Proposed deposition dates, in most cases, should be at least five (5) calendar days in the future.

(c) **Privilege Log:** The parties agree that the parties shall not be required to log any privileged communications, privileged documents, or other privileged information regarding the litigation created on or after the date of filing of the Complaint.

(d) **Inadvertent Production:** Pursuant to Federal Rule of Evidence 502(d), inadvertent production of materials covered by the attorney-client privilege, work-product protection, the joint defense and/or common interest privilege, and any other applicable privilege or immunity from production available under state or federal law of any kind is not waiver in this or any other federal or state proceeding. In case of inadvertent production, at the producing party's request, the receiving party shall immediately return or destroy the inadvertently produced materials. The producing party will provide a privilege log in accordance with Paragraph 6 even if the inadvertently produced materials were created on or after the date of the Complaint in the applicable action.

**13.** **Standing Orders.** The parties and counsel are charged with notice of and are required to fully comply with each of the Standing Orders of this Court. Such are posted on the Court's website at http://www.txed.uscourts.gov/?q=court-annexed-mediation-plan. The substance of some such orders may be included expressly within this Discovery Order, while others (including the Court's Standing Order Regarding Protection of Proprietary and/or Confidential Information to Be Presented to the Court During Motion and Trial Practice) are incorporated herein by reference. All such standing orders shall be binding on the parties and counsel, regardless of whether they are expressly included herein or made a part hereof by reference.