IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| COBBLESTONE WIRELESS, LLC, <br><br>*Plaintiff,* <br><br> v. <br><br> CISCO SYSTEMS, INC. <br><br> *Defendants*. | Case No. 2:23-cv-00454 JRG-RSP <br> **(LEAD CASE)** <br><br><br> **JURY TRIAL DEMANDED** |
| COBBLESTONE WIRELESS, LLC, <br><br> v. <br><br> HEWLETT PACKARD ENTERPRISE COMPANY; ARUBA NETWORKS, LLC <br><br> *Defendants*. | Case No. 2:23-cv-00457-JRG-RSP <br> (MEMBER CASE) <br><br> **JURY TRIAL DEMANDED** |

**JOINT MOTION FOR PARTIALLY DISPUTED ENTRY OF PROTECTIVE ORDER**

Plaintiff Cobblestone Wireless, LLC ("Cobblestone") and Defendants Cisco Systems, Inc., Hewlett Packard Enterprise Company, and Aruba Networks, LLC (collectively, "Defendants") (collectively, the "Parties") file this Joint Motion for entry of the attached partially disputed Protective Order. In accordance with the Court's Order of December 19, 2023 (Dkt. No. 37), the Parties submit to the Court their competing proposal as Exhibit A and provide a summary of their disagreements below:

    **I.**    **Location of Code Production 10(a)**

        **A.**  **Plaintiff's Summary of Disagreement**

Cobblestone's proposal that Defendants host the stand-alone computer in Los Angeles is reasonable. Source code restrictions are exceptional requests in the context of Rules 26 and 34, which impose real burdens on plaintiffs. The burden rests with Defendants seeking this restriction to establish good cause. Cobblestone's attorneys are primarily based in Los Angeles. Cobblestone anticipates disclosing code reviewers who are also based out of Los Angeles, such as Mr. Matthew K. McKune of Manheim Consulting.  Counsel for Defendants, Duane Morris, also has an office in Los Angeles. Their website for the Los Angeles office indicates they have over two dozen attorneys. Thus, source code review should be hosted in Los Angeles.

Defendants' proposal to make code review available in Texas is not reasonable in light of these facts. Travel to and from Texas imposes substantial burdens on Plaintiff's counsel and experts. Defendants' request would hinder Plaintiff's effective preparation of its case. For instance, it makes it far more costly for attorneys to join an expert to look at and discuss code together. It also imposes substantial financial costs on Plaintiff. For Defendants, the burden of producing at its Los Angeles office is trivial, given a firm and staff of Duane Morris's size. To the extent Defendants are concerned about where third parties need to make code available, that concern is premature. Plaintiff remains open to meet and confer with those third parties at that time.

Courts have required defendants to make source code review available at locations convenient for the plaintiff where it makes sense to do so. *See, e.g.*, N.D. Cal. Model Protective Order at n.15 ("Any source code produced in discovery shall be made available for inspection…at a location that is reasonably convenient for the Receiving Party and any experts to whom the source code may be disclosed. This alternative may be appropriate if the Producing Party and/or its counsel are located in a different jurisdiction than counsel and/or experts for the Receiving Party."); *ImmersionVision, Inc. v. Apple Inc.*, No. 21-1484, D.I. 136 (D. Del. Aug. 4, 2023)

(ordering defendant to produce source code both in Delaware (where plaintiff's counsel was located) and Santa Monica (where plaintiff's expert was located)).

Source code of Defendants should therefore be made available in Los Angeles.

### B. Defendants' Position Statement

In these cases, Cobblestone selected Texas as its forum of choice, yet it demands that Defendants Cisco and HPE present their highly confidential source code for review in Los Angeles, California, rather than Texas, simply for the convenience of Plaintiff's counsel because that is where they reside and "traveling to Texas at the end of fact discovery would be too burdensome." Aside from this complaint, Cobblestone has not presented any other reason for departing from the protective order provision it agreed to in its case against Samsung and in its cases against T-Mobile, AT&T, and Verizon which both provide: "Source Code Computer(s) will be made available for inspection at the offices of outside counsel or any other mutually agreed-upon location." *Cobblestone Wireless, LLC v. Samsung Elecs. Co., Ltd.*, No. 2:23-cv-00285-JRG-RSP, Dkt. 36 at 7 (E.D. Tex. Dec. 1, 2023); *Cobblestone Wireless, LLC v. T-Mobile USA, Inc.*, No. 2:22-cv-00477-JRG-RSP (Lead Case), Dkt. 77 at 7 (E.D. Tex. Apr. 25, 2023).

Cisco and HPE contend that, under the circumstances of this case, source code should be made available at its counsel's offices in Texas, which have appropriate staffing and resources to handle source code reviews. While Defendants' counsel has an office in the Los Angeles area, that office does not have similar personnel and resources available for a source code review. Thus, Plaintiff's counsel's convenience is insufficient to require Defendants to produce highly sensitive code in Los Angeles when no one from Defendants' counsel's Los Angeles office is working on the case and the case has no connection to Los Angeles. *See Polycom, Inc. v. Codian Ltd..*, No. 2:05-cv-00520-DF, Dkt. 101 at 6 (E.D. Tex. Jan. 22, 2007) (denying request for production of

source code in Los Angeles where "[d]efendants state there is no one in the Los Angeles office working on this case, and this case has no connection to Los Angeles"). Accordingly, Cisco and HPE request that the Court adopt Defendants' proposed provision, which is consistent with this Court's Sample Protective Order for Patent Cases and identifies that the code will be made available in Texas.

## II.     Source Code Pages 10(h)

### A.  **Plaintiff's Summary of Disagreement**

Cobblestone's proposal that Defendants presumptively provide 800 pages of source code printouts is reasonable. Cobblestone does not know the volume of Cisco/HPE and any third parties' code production, but anticipates it could be quite voluminous. Cobblestone's infringement contentions have identified at least **31** of Defendants' products at issue. As discovery progresses, Cobblestone anticipates that it may need to request more than 800 pages of printouts given the complexity of the accused technology (80+80 MHz). Defendants lack good basis for its request to limit source code printouts presumptively to 500 pages. In the case *Video Solutions Pte. Ltd. v. Cisco Systems, Inc.*, no source code page limits were ordered at all. *See* No. 23-222-JRG, Dkt. No. 34 at 6-7 (E.D. Tex. Aug. 16, 2023). Thus, it is not reasonable for Cobblestone to be limited to merely 500 total pages of Source Code Material.

The 800 pages of code Cobblestone requests is typical in cases of this level of complexity and higher page limits have been appropriate in cases involving some of the same patents. In *Cobblestone Wireless, LLC v. T-Mobile USA, Inc., et al.*, the parties agreed that Cobblestone could request 1,500 pages of code. *See* No. 2:22-cv-477, Dkt. No. 77 at 10 (E.D. Tex. Apr. 24, 2023). In *Cobblestone Wireless, LLC v. Samsung Electronics Co., Ltd., et al.*, the Court ordered that Cobblestone could request 1,000 pages code. *See* No. 2:23-cv-285, Dkt. No. 36 at 10 (E.D. Tex.

Dec. 1, 2023). To the extent Defendants attempt to distinguish these cases based on the quantity of patents asserted, that is not the proper metric. What matters is the volume of the code production, and the differences of code between each accused product or version, which Defendants have provided Plaintiff with no information.

Again, source code restrictions are exceptional requests and Defendants have failed to demonstrate good cause in light of Cobblestone's needs.

B. **Defendants' Position Statement**

Defendants have informed Plaintiff that the relevant source code resides with third-party chipset suppliers. If Plaintiff seeks source code from third-party chipset suppliers, it will then likely negotiate protective orders with those third-parties to dictate the terms of that discovery. *See e.g., Netlist, Inc. v. Micron Tech., Inc.*, No. 2:22-cv-00203-JRG-RSP, Dkt. 48 (E.D. Tex. Mar. 10, 2023) (motion for entry of supplemental protective order for third-party Texas Instruments); *Bell Northern Research, LLC v. Samsung Elecs. Co., Ltd.*, No. 2:19-cv-00286-JRG, Dkt. 61 (E.D. Tex. July 28, 2020) (motion for entry of supplemental protective order for third-party Qualcomm). The present dispute, however, is focused on Defendants Cisco's and HPE's source code production, if required.

Defendants contend that Plaintiff's request to print 800 pages of code per Defendant is unreasonable because of the limited scope of this single patent case involving no more than seven patent claims. This is in stark contrast to this Court's limit of 1,000 total pages in *Cobblestone v. Samsung*, which involves five asserted patents. No. 2:23-cv-00285-JRG-RSP, Dkt. 36 at 10 (E.D. Tex. Dec. 1, 2023); *see also Cobblestone Wireless, LLC v. T-Mobile USA, Inc.*, No. 2:22-cv-00477-JRG-RSP, Dkt. 77 at 10 (E.D. Tex. Apr. 25, 2023) (allowing 1,500 total pages in cases involving four asserted patents). Five-hundred pages per Defendant should be sufficient and, if it

is not, Defendants propose a reasonableness standard to increase the number of pages, consistent with what this Court has entered before, including in prior cases involving Defendants - wherein limits of 500 total pages are deemed *de facto* reasonable, but subject to adjustment. *BillJCo, LLC v. Cisco Systems, Inc.*, No. 2:21-cv-00181-JRG (Lead Case), Dkt. 47 (E.D. Tex. Oct. 25, 2021); *BillJCo, LLC v. Hewlett Packard Enterprise Co.*, No. 2:21-cv-00183-JRG (Member Case), Dkt. 47 (E.D. Tex. Oct. 25, 2021).

Dated: January 11, 2024

Respectfully submitted,

*/s/ Reza Mirzaie*
Reza Mirzaie
CA State Bar No. 246953
Marc A. Fenster
CA State Bar No. 181067
Neil A. Rubin
CA State Bar No. 250761
Christian W. Conkle
CA State Bar No. 306374
Amy E. Hayden
CA State Bar No. 287026
Jonathan Ma
CA State Bar No. 312773
Jacob R. Buczko
CA State Bar No. 269408
Peter Tong
TX State Bar No. 24119042
Matthew D. Aichele
VA State Bar No. 77821
**RUSS AUGUST & KABAT**
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474
rmirzaie@raklaw.com
mfenster@raklaw.com
nrubin@raklaw.com
cconkle@raklaw.com
ahayden@raklaw.com
jma@raklaw.com
jbuczko@raklaw.com
ptong@raklaw.com
maichele@raklaw.com

*Attorneys for Plaintiff*
*Cobblestone Wireless, LLC*

*/s/ Holly Engelmann*
Holly Engelmann
State Bar No. 24040865
**DUANE MORRIS LLP**
Las Cimas IV
900 S. Capital of Texas Hwy., Suite 300
Austin, Texas 78746

Tel: (512) 277-2246
Fax: (512) 597-2301
*HEngelmann@duanemorris.com*

Louis N. Jameson
GA State Bar No. 003970
Matthew S. Yungwirth
GA State Bar No. 783597
Jayla C. Grant
GA State Bar No. 312669
**DUANE MORRIS LLP**
1075 Peachtree Street NE, Suite 1700
Atlanta, GA 30309
Tel: (404) 253-6915
Fax: (404) 253-6901
*WJameson@duanemorris.com*
*Msyungwirth@duanemorris.com*
*Jcgrant@duanemorris.com*

***ATTORNEYS FOR DEFENDANT CISCO SYSTEMS, INC.***

*/s/ Tyler Marandola*
Jennifer H. Doan
Texas Bar No. 08809050
Joshua R. Thane
Texas Bar No. 24060713
HALTOM & DOAN
6500 Summerhill Rd., Suite 100
Texarkana, TX 75503
Telephone: (903) 255-1000
Facsimile: (903) 255-0800
*jdoan@haltomdoan.com*
*jthane@haltomdoan.com*


Matthew S. Yungwirth
GA State Bar No. 783597
**DUANE MORRIS LLP**
1075 Peachtree Street NE, Suite 1700
Atlanta, GA  30309
Telephone: 404.253.6900
Facsimile:  404.253.6901
*msyungwirth@duanemorris.com*

Tyler Marandola
PA State Bar No. 313585
**DUANE MORRIS LLP**
30 S. 17th St.
Philadelphia, PA 19103
Telephone: 215.979.1000
Facsimile: 215.979.1020
*tmarandola@duanemorris.com*

***ATTORNEYS FOR DEFENDANTS HEWLETT PACKARD ENTERPRISE COMPANY AND ARUBA NETWORKS, LLC***

**CERTIFICATE OF SERVICE**

The undersigned certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on January 11, 2024.

*/s/ Reza Mirzaie*

**CERTIFICATE OF CONFERENCE**

The undersigned certifies that counsel complied with the requirements of Eastern District of Texas Local Rule CV-7(h). Counsel for Plaintiff and counsel for Defendant held several conferences by telephone and over email between January 3, 2024 and January 11, 2024. The parties were able to resolve many disputes, but could not resolve their differing views on the two issues set forth herein.

*/s/ Reza Mirzaie*
