**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| COBBLESTONE WIRELESS, LLC,<br><br>       Plaintiff,<br>   v.<br><br>CISCO SYSTEMS, INC.<br><br>       Defendant. | Case No. 2:23-cv-00454-JRG-RSP<br>(Lead Case)<br><br>JURY TRIAL DEMANDED |
| COBBLESTONE WIRELESS, LLC,<br><br>       Plaintiff,<br>   v.<br><br>HEWLETT PACKARD ENTERPRISE COMPANY; ARUBA NETWORKS, LLC,<br><br>       Defendants. | Case No. 2:23-cv-00457-JRG-RSP<br>(Member Case)<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS' OPPOSED MOTION TO STAY PROCEEDINGS
PENDING *INTER PARTES* REVIEW AND *EX PARTE* REEXAMINATION**

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ................................................................................................................1

II. BACKGROUND ..................................................................................................................2

    A. Related District Court Litigation ..............................................................................2

    B. District Court Litigation Against Defendants ...........................................................3

    C. Patent Office Proceedings .........................................................................................3

III. LEGAL STANDARDS ........................................................................................................4

IV. ARGUMENT ........................................................................................................................4

    A. Plaintiff Would Suffer No Undue Prejudice from a Stay ........................................5

    B. The Stage of these Cases Weighs in Favor of a Stay ..............................................6

    C. A Stay Will Substantially Simplify or Eliminate Issues in these Cases ...............7

V. CONCLUSION .....................................................................................................................9

# **TABLE OF AUTHORITIES**

**Cases**

*Anza Tech., Inc. v. Avant Tech., Inc.*,
  No. A-17-cv-01193-LY, 2018 WL 11314191 (W.D. Tex. Nov. 15, 2018) (Yeakel, J) ......................... 7

*Aylus Networks, Inc. v. Apple Inc.*,
  856 F.3d 1353 (Fed. Cir. 2017) ......................... 7

*Cellect LLC v. Samsung Elecs. Co., Ltd.*,
  2020 WL 3425166 (D. Colo. June 23, 2020) ......................... 8

*Clinton v. Jones*,
  520 U.S. 681 (1997) ......................... 4

*Cobblestone Wireless, LLC v. Cellco Partnership d/b/a Verizon Wireless*,
  No. 2:23-cv-00382-JRG-RSP ......................... 3, 8

*Cobblestone Wireless, LLC v. Samsung Elecs. Co., Ltd.*,
  No. 2:23-cv-00285-JRG-RSP (E.D. Tex. Jun. 16, 2023) ......................... 2

*Ethicon, Inc. v. Quigg*,
  849 F.2d 1422 (Fed. Cir. 1988) ......................... 4

*Fisher-Price, Inc. v. Dynacraft BSC, Inc.*,
  No. 17-CV-3745-PJH, 2017 WL 5153588 (N.D. Cal. Nov. 7, 2017) ......................... 5

*Landmark Tech., LLC v. iRobot Corp.*,
  2014 WL 486836 (E.D. Tex. Jan. 24, 2014) ......................... 7

*Monitoring v. Get-Grin Inc.*,
  2024 WL 1603403 (D. Del. Apr. 9, 2024) ......................... 8

*NFC Techs. LLC v. HTC Am., Inc.*,
  No. 2:13-cv-1058-WCB, 2015 WL 1069111 (E.D. Tex. Mar. 11, 2015) (Bryson, J.) ......................... 4, 7-8

*Norman IP Holdings, LLC v. TP-Link Techs., Co.*,
  No. 6:13-cv-00384-JDL, 2014 WL 5035718 (E.D. Tex. Oct. 8, 2014) ......................... 6

*Realtime Data, LLC v. Rackspace US, Inc.*,
  No. 6:16-CV-00961, 2017 WL 772654 (E.D. Tex. Feb. 28, 2017) ......................... 6

*Uniloc USA, Inc. v. Avaya Inc.*,
  No. 6:15-CV-01168-JRG, 2017 WL 2882725 (E.D. Tex. Apr. 19, 2017) ......................... 7

*Vill. Green Techs., LLC v. Samsung Elecs., LTD.*,
  No. 2:22-CV-00099-JRG, 2023 WL 416419 (E.D. Tex. Jan. 25, 2023) ......................... 4

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
  759 F.3d 1307 (Fed. Cir. 2014) ......................... 6

**Statutes**

35 U.S.C. § 314 ................................................................................................................................2-3

35 U.S.C. § 315(e)(2) ..................................................................................................................... 2, 8

35 U.S.C. § 316(a)(11) ....................................................................................................................... 3

I.      INTRODUCTION

Defendants Cisco Systems, Inc., Hewlett Packard Enterprise Company, and Aruba Networks, LLC ("Defendants") respectfully move the Court for an immediate stay of the above-captioned litigation. The only patent at issue in this case, U.S. Patent No. 7,924,802, is the subject of two pending petitions for *inter partes* review and an *ex parte* reexamination. Just days ago, on June 13, 2024, the U.S. Patent and Trademark Office granted the request for reexamination based on its conclusion that the request presented substantial new questions of patentability and, in the coming months, will reexamine claims 1-15 and 17-23, which includes all the claims at issue in this case. All three factors that courts consider favor staying these cases pending the outcome of the reexamination and *inter partes* reviews.

First, staying these cases will not unduly prejudice or present a tactical disadvantage to Plaintiff Cobblestone Wireless, LLC ("Cobblestone"). Instead, the parties and the Court, will benefit from a stay by avoiding the substantial time and cost of litigating patent claims that may be found invalid or amended during the reexamination. Cobblestone is a non-practicing entity and does not compete with Defendants in the market and even if Cobblestone were to prevail on any claim, a stay will not diminish its ability to receive monetary damages for the time period during which the case is stayed.

Second, the status of litigation favors a stay. These cases are still in their infancy: discovery has barely begun and Plaintiff has only produced two documents (the patent-in-suit and its file history). The parties have yet to engage in the Court's claim construction procedures and related briefing deadlines are more than three months away, with the *Markman* hearing not until November 26, 2024. Fact discovery does not close until January 15, 2025, and opening expert reports are not due until January 29, 2025. Accordingly, a stay of the litigation will significantly reduce costs to all parties on discovery, especially expensive expert discovery.

Third, a stay has is likely to simplify the two underlying cases by eliminating most—if not all—issues for both trials. The asserted claims in the present cases are subject to three separate challenges: (1) Defendants' IPR petition, (2) Samsung's IPR petition, and (3) the PTO's reexamination. Favorable resolution in any of these proceedings will simply the issues currently before the Court. Should the proceedings invalidate the challenged claims, both cases will be resolved entirely. But even in the unlikely event that the challenged claims survive the various challenges in their current form, the parties and this Court still stand to benefit from a stay because, *inter alia*, Defendants will be estopped under 35 U.S.C. § 315(e)(2) from asserting certain prior art defenses at any later occurring trial. Additionally, because of Cobblestone's other litigation against AT&T, Verizon, T-Mobile, and Samsung involving the '802 Patent, a stay of these matters will conserve judicial resources by reducing the number of parallel district court actions.

The Court should grant a stay pending final decisions on the IPR petitions and *ex parte* reexamination and any subsequent appeals.

## II.      BACKGROUND

### A.      Related District Court Litigation

On June 16, 2023, Cobblestone asserted infringement claims related to the '802 Patent (and four other patents) against Samsung in *Cobblestone Wireless, LLC v. Samsung Elecs. Co., Ltd.*, No. 2:23-cv-00285-JRG-RSP (E.D. Tex. Jun. 16, 2023). On February 26, 2024, Samsung filed a petition for *inter partes* review against the '802 patent (IPR2024-00606) ("Samsung's IPR") and an institution decision is expected by September 14, 2024. 35 U.S.C. § 314. The *Markman* hearing is scheduled for November 13, 2024 in front of Judge Payne and jury selection is set to begin on May 5, 2025. *Id*. at Dkt. 30.

On August 25, 2023, Cobblestone asserted infringement claims related to the '802 Patent against Verizon, T-Mobile, and AT&T and on November 2, 2023, the Court consolidated the cases

2

for pretrial issues. *Cobblestone Wireless, LLC v. Cellco Partnership d/b/a Verizon Wireless*, No. 2:23-cv-00382-JRG-RSP (Lead Case) ("Carrier Cases"). The *Markman* hearing is scheduled for November 14, 2024 in front of Judge Payne and jury selection is set to begin on May 19, 2025. *Id*. at Dkt. 66.

### B. District Court Litigation Against Defendants

On September 29, 2023, Cobblestone filed the instant Complaints against Defendants alleging infringement of the '802 Patent. On November 2, 2023, the Court consolidated these two cases for all pretrial issues. Dkt. 15. The *Markman* hearing in these cases is scheduled for November 26, 2024 in front of Judge Payne. Dkt. 37. Fact discovery closes on January 15, 2025 and expert discovery closes on March 10, 2025. *Id*. The pretrial conference is scheduled for May 20, 2025 and jury selection is set to begin on June 23, 2025. *Id*.

On December 11, 2023, Cobblestone served infringement contentions and produced the only two documents it has produced in the cases - the patent-in-suit and its file history. On March 19, 2024, Defendants filed a petition for *inter partes* review of the '802 Patent (IPR2024-00707). *See* Dkt. 51. Defendants' IPR petition challenges claims 1-9 of the '802 Patent (the same claims covered by Cobblestone's infringement contentions). *See* Petition, PTAB-IPR2024-00606-3. The Board's institution decision is expected on or before September 27, 2024. 35 U.S.C. § 314. If instituted, the final written decision is expected on or before than September 27, 2025. 35 U.S.C. § 316(a)(11).

### C. Patent Office Proceedings

In addition to the IPRs filed by Samsung and the Defendants, the '802 Patent is currently the subject of a reexamination proceeding. The currently pending cases are:

- IPR2024-00606, filed on February 26, 2024 by Samsung Electronics America, Inc., challenging claims 1-4, 6-10, 13-14, 17, 21-25. Institution decision is expected by September 14, 2024;

3

- IPR2024-00707, filed on March 19, 2024 by Defendants, challenging claims 1-9. Institution decision is expected by September 27, 2024; and

- Reexamination No. 90/019,458, filed on March 27, 2024 by Unified Patents, LLC, challenging claims 1-15 and 17-23. On June 13, 2024, the PTO ordered reexamination on claims 1-15 and 17-23 finding that multiple pieces of prior art present substantial new questions of patentability as to the challenged claims

*See* Dkt. 51; Ex. A (June 13, 2024 office communication).

### III.     LEGAL STANDARDS

The Court's inherent power to manage its docket includes the power to stay proceedings. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997). The question of whether to stay proceedings pending *inter partes* review of a patent is a matter committed to the district court's discretion. *See Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988). "A stay is particularly justified when the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues." *Vill. Green Techs., LLC v. Samsung Elecs., LTD.*, No. 2:22-CV-00099-JRG, 2023 WL 416419, at *1–3 (E.D. Tex. Jan. 25, 2023) (internal quotes omitted).

In deciding whether to grant a stay pending resolution of an IPR petition, a court considers: "(1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court." *NFC Techs. LLC v. HTC Am., Inc.*, No. 2:13-cv-1058-WCB, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015) (Bryson, J.). "Based on th[ese] factors, courts determine whether the benefits of a stay outweigh the inherent costs of postponing resolution of the litigation." *Id.*

### IV.     ARGUMENT

Staying this litigation is warranted because this case is still in its infancy, the stay will not prejudice Cobblestone, and a stay will likely simplify the case (and may eliminate the need

4

for trials altogether). Though this district's typical practice is to deny pre-institution stay motions without prejudice to the right to renew after institution, a pre-institution stay is particularly appropriate here given the unique circumstances of this case. First, unlike a typical pre-institution stay motion, the Patent Office has already decided to reexamine the asserted claims in a separate reexamination proceeding. Second, institution decisions on both Defendants' and Samsung's IPR petitions are expected months before the scheduled *Markman* hearing in these cases, and thus no harm will result from staying the case. Third, the '802 Patent is the sole patent-at-issue in the instant litigation, and schedule-wise this case trails four other cases pending in this district that involve the '802 Patent. Thus, even if these cases are stayed while the others proceed, the parties and the Court will benefit from work in those other cases on issues like claim construction, making litigation of these cases in the future (if necessary at all) more efficient. Accordingly, these cases present a fact pattern that justifies a pre-institution stay.

### A. Plaintiff Would Suffer No Undue Prejudice from a Stay

This factor favors staying the litigation. A stay will not unduly prejudice Cobblestone because this case is in its early stages and Cobblestone has not invested substantial time and expense in the litigation. *Fisher-Price, Inc. v. Dynacraft BSC, Inc.*, No. 17-CV-3745-PJH, 2017 WL 5153588, at *2 (N.D. Cal. Nov. 7, 2017) at *2 (noting courts generally find staying a litigation does not cause nonmoving party any prejudice "where the party has not invested substantial time and expense in the litigation."). Indeed, Cobblestone has only produced two documents—the patent-in-suit and its file history—since it sued Defendants in September 2023. Nor has Plaintiff invested substantial resources in merits discovery. To date, Plaintiff has served only a single set of common interrogatories on Defendants, has not noticed or taken any depositions, and has not

5

served any third-party discovery. Plaintiff has thus expended minimal time and expense litigating its case against Defendants.

Moreover, a stay will not prejudice Cobblestone because it will not diminish Cobblestone's potential to recover monetary damages—the sole remedy sought in this case. *See* Dkt. 1; *see also VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1318–19 (Fed. Cir. 2014) (noting fact that plaintiff did not seek a preliminary injunction weighed against any claim that it would be unduly prejudiced). As this Court has previously recognized, mere delay in Cobblestone enforcing its patent rights is likewise insufficient to constitute undue prejudice, especially when monetary damages are available to cure any prejudice. *Realtime Data, LLC v. Rackspace US, Inc.,* No. 6:16-CV-00961, 2017 WL 772654, at *4 (E.D. Tex. Feb. 28, 2017) ("[C]oncerns such as timely enforcement of patent rights are generally too generic, standing alone, to defeat a stay motion."). Accordingly, a stay will not unduly prejudice Cobblestone.

For these reasons, this factor weighs in favor of a stay.

**B.     The Stage of these Cases Weighs in Favor of a Stay**

"Courts often find the stage of litigation weighs in favor of a stay if there remains a significant amount of work ahead for the parties and the court, even when the parties and/or the court have already devoted substantial resources to the litigation." *Norman IP Holdings, LLC v. TP-Link Techs., Co.*, No. 6:13-cv-00384-JDL, 2014 WL 5035718, at *3 (E.D. Tex. Oct. 8, 2014). As explained above, the instant litigation is in its early stages and a significant amount of work remains to be done. Thus, a stay at this point in these cases would maximize the potential resource savings for both the parties and the Court. The parties have not yet started claim construction briefing, fact discovery has barely begun, expert discovery is not scheduled to begin for over six and a half months, and the *Markman* hearing is not until November 26, 2024—months after the PTAB is expected to render institution decisions in both Defendants' and Samsung's IPR

proceedings. *See Landmark Tech., LLC v. iRobot Corp.*, 2014 WL 486836, at *3 (E.D. Tex. Jan. 24, 2014) (granting pre-institution stay pending CBM review where institution decision was expected "months before the scheduled *Markman* hearing"). A stay at this point would thus maximize the potential resource savings for the parties and the Court. *See NFC Tech. LLC,* 2015 WL 1069111, at *3 (explaining that denying a stay would "impose significant expenses on the parties that might be avoided" because "the bulk of the expenses that the parties would incur in pretrial work and trial preparation are still in the future"); *Uniloc USA, Inc. v. Avaya Inc.*, No. 6:15-CV-01168-JRG, 2017 WL 2882725, at *2 (E.D. Tex. Apr. 19, 2017) (noting that a stay would spare the parties from "significant pre-trial expenses" of a "*Markman* hearing and expert discovery.").

Further, if this Court grants a stay before the scheduled *Markman* hearing, and some claims ultimately survive the IPR challenges or reexamination, this Court may consider statements made in those proceedings as part of the prosecution history in construing the parties' disputed claim terms. *Aylus Networks, Inc. v. Apple Inc*., 856 F.3d 1353, 1362 (Fed. Cir. 2017). Moreover, like in *Anza*, this Court may find the reasoning in those decisions "persuasive" in construing certain disputed claim terms. *Anza Tech., Inc. v. Avant Tech., Inc.,* No. A-17-cv-01193-LY, 2018 WL 11314191, at *2 (W.D. Tex. Nov. 15, 2018) (Yeakel, J) ("whatever occurs at the PTAB will potentially be helpful to the court in construing the parties' disputed claim terms").

For these reasons, this factor also weighs in favor of a stay.

### C.    A Stay Will Substantially Simplify or Eliminate Issues in these Cases

"[T]he most important factor bearing on whether to grant a stay in this case is the prospect that the *inter partes* review proceeding will result in simplification of the issues before the Court." *NFC Techs.*, 2015 WL 1069111, at *4. Here, *all* of the asserted claims of the '802 Patent (claims 1, 2-4, 7-9) have been challenged in Defendants' and Samsung's separate petitions for *inter partes*

7

review, and have been ordered to be reexamined. Thus, should the IPRs or reexamination result in cancellation of some or all of the asserted claims, "either some portion of the litigation will fall away, or the litigation will come to an end altogether." *NFC Techs.*, 2015 WL 1069111, at *4. In the Defendants' IPR proceedings, if the PTAB finds some or all of the claims under review to be valid, then Defendants will be estopped from asserting invalidity defenses on "any ground that [they] raised or reasonably could have raised" during the *inter partes* review. 35 U.S.C. §315(e)(2).

The now-granted *ex parte* reexamination likewise presents a substantial likelihood of simplifying this case and potentially offering guidance to the Court and the parties moving forward. Reexamination brings with it the substantial likelihood not only for claims to be canceled outright, but for claims to be narrowed by amendment, either of which would streamline the case. *See Monitoring v. Get-Grin Inc.*, 2024 WL 1603403, at *6-7 (D. Del. Apr. 9, 2024) (granting stay pending *ex parte* reexamination and noting statistics showing that "there is an approximately 79% chance that at least some of the claims of the . . . patents undergoing reexamination are likely to be canceled or amended"); *Cellect LLC v. Samsung Elecs. Co., Ltd.*, 2020 WL 3425166, at *4 (D. Colo. June 23, 2020) (granting stay pending *ex parte* reexamination). Indeed, proceeding without a stay would risk the parties having to re-do portions of discovery or claim construction if claims of the '802 Patent emerge from the reexamination with substantial amendments. A stay therefore carries the very high likelihood of saving resources.

Additionally, because Cobblestone has asserted the '802 Patent in seriatim fashion against Samsung, Verizon, AT&T, and T-Mobile before suing the Defendants, a stay of this case will conserve Court and party resources as similar issues continue to be litigated in the earlier-filed cases. The Court's claim construction orders related to the '802 Patent in the Samsung Case and Carrier Cases will likely inform claim construction issues in the instant cases and significantly

simplify Defendants' trials. These benefits will exist even if the PTAB were to deny review, as the parties and the Court will potentially benefit from having guidance on certain claim construction issues if those issues are litigated first in the earlier-filed cases. This factor weighs substantially in favor of a stay.

## V. CONCLUSION

A stay of this litigation is appropriate because the stay will not prejudice Cobblestone, it will simplify the issues in question and trials of these cases, and the cases are in their early stages with a Plaintiff who has expended very little time and expense litigating its claims against the Defendants. Accordingly, Defendants respectfully request that the Court stay the present litigation pending the complete resolution, through any appeals, of the IPR petitions and the Patent Office reexamination.

Dated:  June 25, 2024

Respectfully submitted,

/s/ Holly Engelmann
Melissa Richards Smith
Texas Bar No. 24001351
melissa@gillamsmithlaw.com
**GILLAM & SMITH LLP**
303 S. Washington Avenue
Marshall, Texas 75670
Telephone:  903.934.8450
Facsimile:  903.934.9257

Louis N. Jameson
GA State Bar No. 003970
wjameson@duanemorris.com
Matthew S. Yungwirth
GA State Bar No. 783597
msyungwirth@duanemorris.com
Jayla C. Grant
GA State Bar No. 312669
jcgrant@duanemorris.com
**DUANE MORRIS LLP**
901 New York Avenue N.W.
Suite 700 East
Washington, DC 20001-4795
Telephone: (202) 776-5213

Holly E. Engelmann
Texas Bar No. 24040865
hengelmann@duanemorris.com
DUANE MORRIS LLP
Terrace 7
2801 Via Fortuna, Suite 200
Austin, Texas 78746-7567
Telephone: (214) 257-7226

*Counsel for Defendant Cisco Systems, Inc.*

/s/ Tyler Marandola
Jennifer H. Doan
Texas Bar No. 08809050
jdoan@haltomdoan.com
Joshua R. Thane
Texas Bar No. 24060713
jthane@haltomdoan.com
**HALTOM & DOAN**
6500 Summerhill Rd., Suite 100
Texarkana, TX 75503
Telephone:  903.255.1000
Facsimile:  903.934.9257

Matthew S. Yungwirth
GA State Bar No. 783597
msyungwirth@duanemorris.com
**DUANE MORRIS LLP**
901 New York Avenue N.W.
Suite 700 East
Washington, DC 20001-4795
Telephone: (202) 776-5213

Tyler Marandola
PA State Bar No. 313585
tmarandola@duanemorris.com
DUANE MORRIS LLP
30 S. 17th Street
Philadelphia, PA 19103
Telephone: (215) 979-1000

*Counsel for Defendants Hewlett Packard Enterprise Company and Aruba Networks, LLC*

## CERTIFICATE OF CONFERENCE

I hereby certify that on June 24-25, 2024, counsel for Defendants and counsel for Cobblestone discussed the relief requested herein. The Plaintiff opposes the motion.

*/s/ Holly Engelmann*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served on all counsel of record via ECF filing on June 25, 2024.

*/s/ Holly Engelmann*