# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| COBBLESTONE WIRELESS LLC,<br><br>    *Plaintiff*,<br><br>    V.<br><br>CISCO SYSTEMS, INC.,<br><br>    *Defendant*. | Case No. 2:23-cv-00454-JRG-RSP<br><br>**LEAD CASE**<br><br>JURY TRIAL DEMANDED |
| COBBLESTONE WIRELESS LLC,<br><br>    *Plaintiff*,<br><br>    V.<br><br>HEWLETT PACKARD ENTERPRISE COMPANY and ARUBA NETWORKS, LLC,<br><br>    *Defendant*. | Case No. 2:23-cv-00457-JRG-RSP<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF COBBLESTONE WIRELESS LLC'S OPPOSITION TO DEFENDANTS' MOTION TO STAY PENDING *INTER PARTES* REVIEW AND *EX PARTE* REEXAMINATION**

TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................... 4
II. LEGAL STANDARD .................................................................................................... 5
III. ARGUMENT.................................................................................................................. 5
      A. Any Simplification of the Issues that May Result from a Stay Is Speculative and Unlikely ................................................................................................................ 5
            1. The PTAB Has Not Instituted Defendants' IPR Petition and Defendants' Motion Should Thus Be Denied .......................................................... 5
            2. *Ex Parte* Reexamination of the '802 Patent Is Unlikely to Result in Meaningful Simplification of the Issues ................................................................. 6
            3. Defendants' Other Arguments Regarding Issue Simplification Are Without Merit ................................................................................................... 8
      B. Cobblestone Would Be Substantially Prejudiced by Delaying this Case for Years Until the IPR and EPR Proceedings Are Resolved ...................................................... 9
      C. The Parties Have Already Invested Substantial Resources into This Case and Thus the Stage of the Case Does Not Support a Stay............................................................ 11
IV. CONCLUSION............................................................................................................. 13

## TABLE OF AUTHORITIES

**Cases**

*Cal. Inst. of Tech. v. Samsung Elecs. Co. Ltd.*,
   No. 2:21-CV-00446-JRG, Dkt. 108 (E.D. Tex. Jan. 20, 2023) ............................................. 9, 11

*Cardware Inc. v. Samsung Elecs. Co., Ltd.*,
   No. 2:22-CV-00141-JRG-RSP, Dkt. 64 (E.D. Tex. Feb. 16, 2023) ........................................... 5

*Chrimar Sys., Inc. v. Adtran, Inc.*,
   No. 6:15-CV-00618-JRG, 2016 WL 11746525 (E.D. Tex. Dec. 28, 2016) ............................... 9

*Comcast Cable Commc'ns Corp., LLC v. Finisar Corp.*,
   No. C 06-04206 WHA, 2007 WL 1052883 (N.D. Cal. Apr. 5, 2007) ....................................... 4

*EON Corp.IP Holdings, LLC v. Sensus USA Inc.*,
   No. 6:09-CV-116, 2009 WL 9506927 (E.D. Tex. Dec. 18, 2009) ........................................... 11

*Image Processing Techs., LLC v. LG Elecs. Inc.*,
   No. 2:22-cv-00077-JRG-RSP, Dkt. 41 (E.D. Tex. Dec. 15, 2022)............................................. 5

*KIPB LLC v. Samsung Elecs. Co.*,
   No. 2:19-cv-00056-JRG-RSP, 2019 WL 6173365 (E.D. Tex. Nov. 20, 2019) ...................... 6, 7

*Lennon Image Techs., LLC v. Macy's Retail Holdings, Inc.*,
   No. 2:13-CV-00235-JRG, 2014 WL 4652117 (E.D. Tex. Sept. 18, 2014) ............................... 9

*Longhorn HD LLC. v. NetScout Sys., Inc.*,
   No. 2:20-CV-00349-JRG, 2022 WL 71652 (E.D. Tex. Jan. 6, 2022) .................................. 6, 11

*Luminati Networks Ltd. v. Teso LT, UAB*,
   No. 2:19-CV-00395-JRG, 2020 WL 6803255 (E.D. Tex. Oct. 30, 2020)............................... 5, 6

*MyPort, Inc. v. Samsung Electronics Co., Ltd.*,
   No. 2:22-43-CV-00114-JRG, Dkt. No. 73 (E.D. Tex. Jun. 13, 2023) ....................................... 9

*Netlist, Inc. v. Samsung Electronics Co. Ltd.*,
   No. 2:22-cv-00293-JRG, Dkt. 689 (E.D. Tex. Mar. 11, 2024).................................................. 9

*Parallel Networks Licensing, LLC v. Ramquest Software, Inc.*,
   No. 4:19-CV-487, 2020 WL 1236266 (E.D. Tex. Mar. 13, 2020) ............................................ 4

*Realtime Data LLC v. Actian Corp.*,
   No. 6:15-CV-463-RWS-JDL, 2016 WL 3277259 (E.D. Tex. June 14, 2016) ...................... 4, 11

*Resonant Systems, Inc. v. Sony Group Corp.*,
   No. 2:22-cv-00424-JRG, Dkt. 84 (E.D. Tex. July 9, 2024)....................................................... 8

*Solas OLED Ltd. v. Samsung Display Co., Ltd.*,
   No. 2:21-cv-00104-JRG, Dkt. 75 (E.D. Tex. Feb. 22, 2022) ................................................ 6, 7

*Soverain Software LLC v. Amazon.Com, Inc.*,
   356 F. Supp. 2d 660 (E.D. Tex. 2005).................................................................................. 4, 6

*Trover Grp., Inc. v. Dedicated Micros USA*,
   No. 2:13-CV-1047-WCB, 2015 WL 1069179 (E.D. Tex. Mar. 11, 2015)................................ 5

*United Services Automobile Assoc. v. Truist Bank*,
　No. 2:22-cv-00291-JRG-RSP, Dkt. 70 (E.D. Tex. Mar. 22, 2023) ............................................. 5

*Viavi Sols. Inc. v. Zhejiang Crystal-Optech Co.*,
　No. 2:21-CV-00378-JRG, 2022 WL 16856099 (E.D. Tex. Nov. 10, 2022) ............................... 5

## I. INTRODUCTION

Defendants have failed to meet their burden to show that a stay pending *inter partes* review and *ex parte* reexamination is warranted. This Court has a "universal practice" of denying pre-institution motions to stay, and neither Defendants' IPR petition nor the Samsung IPR has been instituted. The motion to stay should be denied on this basis alone. The mere fact that a third party reexam has been granted does not support deviating from this Court's established practice, as Defendants have failed to identify any issues in this case that will be affected by the reexam. The lack of statutory estoppel for EPRs further undermines Defendants' arguments regarding issue simplification. Defendants will be free to relitigate the same invalidity arguments in this case after the stay is lifted. Indeed, if there is even one surviving claim—which according to PTO statistics is far more likely than cancellation of all claims—the Court will still have to resolve claim construction, infringement, validity, and damages, among other issues.

The other factors also weigh against a stay. EPRs typically take more than two years to reach resolution, and a final written decision in Defendants' IPR (assuming institution) would not be expected until September 2025—*after* the June 2025 trial date. Defendants are also requesting a stay through any appeals, even if the petitioners lose their IPRs (if instituted), adding more unnecessary delay. Further, discovery and claim construction are under way, and the parties and Court have already invested substantial resources into this case over the past 10 months since the complaint was filed. It would be far more efficient to move forward and proceed to trial as scheduled rather than indefinitely delay, potentially for several years, for the mere possibility that some of the issues will be simplified.

Because all three factors weigh against a stay, Defendants' motion should be denied.

## II.     LEGAL STANDARD

"Courts have the inherent power to manage their dockets and stay proceedings." *Realtime Data LLC v. Actian Corp.*, No. 6:15-CV-463-RWS-JDL, 2016 WL 3277259, at *1 (E.D. Tex. June 14, 2016). Accordingly, there is "no per se rule that patent cases should be stayed pending PTO proceedings, because such a rule 'would invite parties to unilaterally derail litigation.'" *Id.* (quoting *Soverain Software LLC v. Amazon.Com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005)); *see also Comcast Cable Commc'ns Corp., LLC v. Finisar Corp.*, No. C 06-04206 WHA, 2007 WL 1052883, at *1 (N.D. Cal. Apr. 5, 2007) ("If litigation were stayed every time a claim in suit undergoes reexamination, federal infringement actions would be dogged by fits and starts. Federal court calendars should not be hijacked in this manner."). A stay is appropriate only where "the benefits of a stay outweigh the inherent costs of postponing resolution of the litigation." *Parallel Networks Licensing, LLC v. Ramquest Software, Inc.*, No. 4:19-CV-487, 2020 WL 1236266, at *4 (E.D. Tex. Mar. 13, 2020).

In determining whether to grant a stay, courts consider three factors: (1) whether the stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set. *Realtime*, 2016 WL 3277259, at *1 (citing *Soverain*, 356 F. Supp. 2d at 662). As discussed below, all three factors weigh against a stay.

## III.    ARGUMENT

### A.     Any Simplification of the Issues that May Result from a Stay Is Speculative and Unlikely

#### 1.    The PTAB Has Not Instituted Defendants' IPR Petition and Defendants' Motion Should Thus Be Denied

"[T]his Court has a consistent practice of denying motions to stay when the PTAB has yet to institute post-grant proceedings." *Luminati Networks Ltd. v. Teso LT, UAB*, No. 2:19-CV-

00395-JRG, 2020 WL 6803255, at *1 (E.D. Tex. Oct. 30, 2020); *see also Trover Grp., Inc. v. Dedicated Micros USA*, No. 2:13-CV-1047-WCB, 2015 WL 1069179, at *6 (E.D. Tex. Mar. 11, 2015) (Bryson, J.) ("it is the universal practice" of courts in this District to deny pre-institution motions to stay); *Viavi Sols. Inc. v. Zhejiang Crystal-Optech Co.*, No. 2:21-CV-00378-JRG, 2022 WL 16856099, at *5 (E.D. Tex. Nov. 10, 2022) ("It is the Court's established practice to consider that motions to stay pending IPR proceedings which have not been instituted are inherently premature and should be denied as such."). That is because "[a]t this nascent stage of the PTAB proceedings, it is impossible for the Court to determine 'whether the stay will likely result in simplifying the case before the court.'" *Viavi*, 2022 WL 16856099, at *5. "Indeed, if the PTAB denies institution of the IPRs, there will be no simplification of the case before the Court at all." *Id.*

Here, Defendants filed IPR2024-00707 on March 19, 2024, and the PTAB is not expected to issue an institution decision until September 27, 2024. Defendants' motion to stay should thus be denied as premature in accordance with this Court's universal practice of denying pre-institution motions to stay.[1]

### 2.   *Ex Parte* Reexamination of the '802 Patent Is Unlikely to Result in Meaningful Simplification of the Issues

The *ex parte* reexamination filed by third party Unified Patents, LLC is unlikely to result in any meaningful simplification of the issues and does not support a stay. Indeed, Defendants have failed to specifically identify a single issue that may be affected by the reexam, and instead vaguely argue that there is a "substantial likelihood" that claims will either be canceled or

---

[1] This Court routinely denies pre-institution motions to stay without even considering the other stay factors. *See, e.g.*, *Image Processing Techs., LLC v. LG Elecs. Inc.*, No. 2:22-cv-00077-JRG-RSP, Dkt. 41 (E.D. Tex. Dec. 15, 2022); *Cardware Inc. v. Samsung Elecs. Co., Ltd.*, No. 2:22-CV-00141-JRG-RSP, Dkt. 64 (E.D. Tex. Feb. 16, 2023); *United Services Automobile Assoc. v. Truist Bank*, No. 2:22-cv-00291-JRG-RSP, Dkt. 70 (E.D. Tex. Mar. 22, 2023).

6

narrowed by amendment. Mot. at 8. But this Court has repeatedly rejected a "*per se* rule that patent cases should be stayed during reexamination because some of the relevant claims may be affected." *Soverain*, 356 F. Supp. 2d at 662; *see also Solas OLED Ltd. v. Samsung Display Co., Ltd.*, No. 2:21-cv-00104-JRG, Dkt. 75 at 6 (E.D. Tex. Feb. 22, 2022) ("The Court declines to develop a per se rule that mere institution of an EPR results in a likelihood of simplification of the issues."). To support a stay, Defendants must demonstrate that the merits of the reexam will "materially impact the parties' positions or arguments in this case." *Longhorn HD LLC. v. NetScout Sys., Inc.*, No. 2:20-CV-00349-JRG, 2022 WL 71652, at *3 (E.D. Tex. Jan. 6, 2022). Defendants' generalized speculation about the statistical likelihood of cancellation or amendment, and the mere possibility of "having to re-do portions of discovery or claim construction" (Mot. at 8), falls far short of this burden.

Furthermore, the PTO has yet to issue any office actions in the reexam. As explained by this Court, "[w]hile it is possible that all challenged claims could be canceled by the PTO, it is also entirely possible that [plaintiff] overcomes any eventual rejections through argument or insubstantial amendments." *Solas*, Dkt. 75 at 5; *see also Longhorn*, 2022 WL 71652, at *3 n.4 (explaining that it is "possible that [plaintiff] amends the claims in a way that has no bearing on this case," or that plaintiff "persuades the PTO that the rejection is meritless, in which case the claims would remain unchanged").[2] Indeed, current PTO statistics also show that it is far more likely that the claims will be confirmed than canceled. *See* Ex Parte Reexamination Filing Data, https://www.uspto.gov/learning-and-resources/statistics/reexamination-information.   "These

---

[2] *See also KIPB LLC v. Samsung Elecs. Co.*, No. 2:19-cv-00056-JRG-RSP, 2019 WL 6173365, at *2 (E.D. Tex. Nov. 20, 2019) (explaining it is "not uncommon for claims to be initially rejected in the re-examination process" and finding simplification speculative where the PTO had issued a *final* office action rejecting all asserted claims and appeal was pending); *Luminati*, 2021 WL 3128654, at *1, *4 (finding "low probability" of issue simplification and denying stay despite non-final rejections of all asserted claims).

statistics cast serious doubt on the conclusion that an EPR—even where the claims have initially been rejected—will result in a simplification of the issues." *Longhorn*, 2022 WL 71652, at *3 n.6. And while it may be true that a large percentage of granted EPRs results in some changes to the claims, "there is no way to know how or if such changes are significant or minor." *Id.* In light of these various potential outcomes of the reexam, "the Court cannot conclude, without engaging in improper speculation, that the [reexam] will ultimately simplify the issues in this case." *Id.* at *3 n.4.

The fact that Defendants are not subject to estoppel "also supports the conclusion that the [Unified Patents reexam] will not result in a simplification of the issues in this case." *Id.* at *3 n.5; *see also Solas*, Dkt. 75 at 6 ("The lack of statutory estoppel with respect to EPRs, which would prevent [Defendants] from asserting the same prior art references and grounds of invalidity at trial as it asserts in the EPRs, also cautions against a likelihood of simplification of the issues."); *KIPB*, 2019 WL 6173365, at *2. Far from simplifying the issues, Defendants will be free to litigate the very same invalidity arguments in this Court after the stay is lifted. It would be far more efficient to let this case proceed as scheduled instead of imposing a years-long delay, with little if any benefit to the parties and the Court.

### 3. Defendants' Other Arguments Regarding Issue Simplification Are Without Merit

Defendants' reliance on the Samsung IPR petition (IPR2024-00606) fails for the same reasons discussed above: (1) the Samsung IPR has not been instituted (an institution decision is not expected until September 2024), and (2) Defendants have not agreed to be bound by estoppel with respect to the Samsung IPR. Thus, even assuming institution, there will be no simplification of the issues because Defendants will be free to relitigate validity based on the same grounds asserted in the Samsung IPR. *See Resonant Systems, Inc. v. Sony Group Corp.*, No. 2:22-cv-00424-

8

JRG, Dkt. 84 at 4 (E.D. Tex. July 9, 2024) ("Defendants' refusal to be fully estopped by the Samsung IPRs further weighs against a stay here. Defendants should not be able to bootstrap off Samsung's IPRs unless they are willing to be fully bound by the result.").

Defendants' reliance on the "earlier-filed" Samsung, Verizon, AT&T, and T-Mobile cases (Mot. at 8) is also unavailing. According to Defendants, the "Court's claim construction orders related to the '802 Patent in the Samsung Case and Carrier Cases will likely inform claim construction issues in the instant cases and significantly simplify Defendants' trials." *Id.* This fails for multiple reasons.

First, Defendants have failed to identify a single claim construction issue in the Samsung and carrier cases that will affect this case. Second, even assuming there are overlapping issues, Defendants have not agreed to be bound by the Court's constructions in the Samsung and carrier cases—or any of the Court's findings in those cases, for that matter. And third, the issue at hand is whether the pending *IPR and EPR proceedings* will result in issue simplification—not whether the "parties and the Court will potentially benefit from having guidance" from co-pending *district court cases*. Mot. at 9. Defendants fail to cite a single case supporting that the mere existence of co-pending litigation involving an overlapping patent supports a stay pending IPR/EPR.

### B. Cobblestone Would Be Substantially Prejudiced by Delaying this Case for Years Until the IPR and EPR Proceedings Are Resolved

This case has been pending for nearly 10 months, and delaying resolution of Cobblestone's patent infringement claims for multiple years until the IPR and EPR proceedings and any appeals are concluded would substantially prejudice Cobblestone. The mere fact that Cobblestone is seeking only monetary damages does not preclude it from being prejudiced by a stay. This Court has repeatedly rejected this exact argument and recognized that "a patent holder has 'an interest in the timely enforcement of its patent right.'" *Lennon Image Techs., LLC v. Macy's Retail Holdings,*

9

*Inc.*, No. 2:13-CV-00235-JRG, 2014 WL 4652117, at *2 (E.D. Tex. Sept. 18, 2014); *see also Netlist, Inc. v. Samsung Electronics Co. Ltd.*, No. 2:22-cv-00293-JRG, Dkt. 689 at 4 (E.D. Tex. Mar. 11, 2024) ("The fact that Netlist is seeking solely monetary damages does not mean that Netlist cannot be prejudiced by a significant delay of an imminent trial date."); *Chrimar Sys., Inc. v. Adtran, Inc.*, No. 6:15-CV-00618-JRG, 2016 WL 11746525, at *1 (E.D. Tex. Dec. 28, 2016) ("Defendants' argument suggests that only those parties who seek injunctions could ever experience undue prejudice from the delay of the final resolution of their case. This cannot be the case."). Cobblestone will be "prejudiced by a delay in its ability to vindicate its patent rights caused by a stay, which weighs against granting this Motion." *Cal. Inst. of Tech. v. Samsung Elecs. Co. Ltd.*, No. 2:21-CV-00446-JRG, Dkt. 108 at 3 (E.D. Tex. Jan. 20, 2023).

For example, in *MyPort, Inc. v. Samsung Electronics Co., Ltd.*, No. 2:22-43-CV-00114-JRG, Dkt. No. 73 (E.D. Tex. Jun. 13, 2023), the Court found that plaintiff "has an interest in the timely enforcement of its patent rights." *Id.* at 4. The Court found this factor weighed against a stay because it "could delay the case by nearly two years" and "the PTAB decision is not due until over two months after jury trial is set to begin." *Id.* The Court further noted that "the fact that a plaintiff seeks a monetary recovery from a well-heeled defendant does not mean, *ipso facto*, that a lengthy delay in adjudicating the plaintiff's patent rights does it no prejudice." *Id.* at 4 n.2. The Court thus denied the stay even though, unlike here, the IPRs had been instituted. The same reasoning applies here. The IPR and EPR proceedings will likely delay this case by more than two years given that EPRs on average take over 25 months. The delay will be even longer if Defendants' request that the stay include any appeals is granted. In addition, a final written decision in Defendants' IPR would not be expected until September 2025—three months after the June 2025 trial date. This factor strongly weighs against a stay.

10

Defendants' arguments regarding the volume of documents produced by Cobblestone and the stage of discovery (Mot. at 5–6) pertain to the stage of the case, discussed below, and are irrelevant to the prejudice Cobblestone would suffer in the event of a stay. In any event, it should come as no surprise that Cobblestone, the plaintiff and patent owner, has limited documentation. In patent cases, the bulk of relevant documents typically comes from the accused infringers. Under Defendants' logic, patentees can never be prejudiced by a stay because they typically do not produce a high volume of documents. This argument should be rejected.

### C. The Parties Have Already Invested Substantial Resources into This Case and Thus the Stage of the Case Does Not Support a Stay

Cobblestone filed its complaint against 10 months ago in September 2023. Since then, the parties and Court have invested substantial resources into this case. The Court has held a scheduling conference and issued a docket control order, protective order, discovery order, and e-discovery order. Discovery is under way—the parties have produced documents and exchanged initial disclosures, written discovery, and infringement and invalidity contentions. To date, the parties have collectively produced over 300,000 pages of documents, and have propounded more than 30 interrogatories, all of which have been responded to. Document production will be "substantially complete[d]" by October 15, 2024, shortly after the institution deadline. Dkt. 37 at 4.

Claim construction has also begun, as the parties are due to exchange proposed claim terms on the date of this opposition brief. *Id.* at 5. Claim construction discovery will be completed and opening claim construction briefs will have been served before the institution deadline for Defendants' IPR. *Id.* at 4–5.

Notably, Defendants waited until March 2024 to file their IPR petition—six months after this case was filed and three months after Cobblestone served infringement contentions identifying

11

the asserted claims. Defendants have no explanation for this delay. *Realtime*, 2016 WL 3277259, at *3 (finding defendants' "lack of diligence" in filing IPR petitions seven months after the case was filed, without any "explanation for this unjustifiable delay," weighed against a stay).

The PTAB's institution decision is thus not expected until September 2024, and final written decisions are not expected until September 2025 (and could come as late as March 2026)—well after the June 2025 trial in this case. *See Resonant*, Dkt. 84 at 5 (denying stay where "Defendants' delay has necessarily extended the potential resolution of the IPRs until well after the scheduled trial date"). Staying the case now, in the midst of discovery and claim construction, would be inefficient and wasteful. This factor weighs against a stay. *See Longhorn*, 2022 WL 71652, at *4 ("Although it is true that the parties, and the Court, will still invest additional resources in this case, all dates for remaining case events—including trial—have been set and the Court intends to maintain those dates. Accordingly, the Court finds this factor does not favor a stay."); *Cal. Tech.*, Dkt. 108 at 5 (finding this factor weighed against a stay where the parties had engaged in discovery, exchanged contentions, and, as of the date of the order, had begun the claim construction process and were "nearing competition of document production"); *EON Corp.IP Holdings, LLC v. Sensus USA Inc.*, No. 6:09-CV-116, 2009 WL 9506927, at *4 (E.D. Tex. Dec. 18, 2009) ("Although this case is in its early stages, it is not early as to weigh in favor of a stay" where the complaint was filed six months ago, the "parties in this case have begun the discovery process," and plaintiff "has completed its P.R. 3–1 and 3–2 disclosures").

Defendants' assertion that "this Court may consider statements made in the [IPR and reexam] proceedings as part of the prosecution history in construing the parties' disputed claim terms" (Mot. at 7) is pure speculation and should be rejected. Defendants have not identified any claim construction issues in this case that may be affected by the IPR or reexam. Indeed,

Defendants' IPR petition does not seek construction of any term. Defendants instead take the position that "no specific construction of any claim term is required." IPR2024-00707, Paper 3 at 10. The IPR is thus unlikely to have any bearing on claim construction in this case at all.

This factor weighs against a stay.

## IV.  CONCLUSION

For the foregoing reasons, Defendants' motion to stay should be denied.

Dated: July 9, 2024

Respectfully submitted,

/s/ Reza Mirzaie
Reza Mirzaie
CA State Bar No. 246953
Marc A. Fenster
CA State Bar No. 181067
Neil A. Rubin
CA State Bar No. 250761
Christian W. Conkle
CA State Bar No. 306374
Jonathan Ma
CA State Bar No. 312773
RUSS AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA  90025
Telephone: 310-826-7474
Email: rmirzaie@raklaw.com
Email: mfenster@raklaw.com
Email: nrubin@raklaw.com
Email: cconkle@raklaw.com
Email: jma@raklaw.com

*Attorneys for Plaintiff
Cobblestone Wireless LLC*

13

## CERTIFICATE OF SERVICE

I hereby certify that on July 9, 2024, I electronically filed the foregoing document with the Clerk of the Court for the Eastern District of Texas using the ECF System which will send notification to the registered participants of the ECF System as listed on the Court's Notice of Electronic Filing.

/s/ *Reza Mirzaie*
Reza Mirzaie