**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| COBBLESTONE WIRELESS, LLC, | |
| Plaintiff, | Case No. 2:23-cv-00454-JRG-RSP |
| v. | (Lead Case) |
| CISCO SYSTEMS, INC. | JURY TRIAL DEMANDED |
| Defendant. | |
| COBBLESTONE WIRELESS, LLC, | |
| Plaintiff, | Case No. 2:23-cv-00457-JRG-RSP |
| v. | (Member Case) |
| HEWLETT PACKARD ENTERPRISE COMPANY; ARUBA NETWORKS, LLC, | |
| Defendants. | JURY TRIAL DEMANDED |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY PROCEEDINGS
PENDING *INTER PARTES* REVIEW AND *EX PARTE* REEXAMINATION**

## I.       INTRODUCTION

Cobblestone's argument that "[t]his Court has a 'universal practice' of denying pre-institution motions to stay" and thus, Defendants' motion "should be denied on this basis alone" ("Response" at Dkt. 56 at 1, 5-6) is misguided because stays are to be determined on a case-by-case basis and there are key differences distinguishing the present cases from those cited by Cobblestone:

- Plaintiff has <u>four</u> earlier-filed pending suits in this Court involving the <u>only</u> patent at issue in this case (the '802 Patent);

- The asserted claims are subject to <u>four separate challenges</u>: (1) Defendants' IPR petition, (2) Samsung's IPR petition, (3) The Carrier's IPR petition,[1] and (4) the PTO's reexamination. A favorable resolution in *any* of these proceedings will simplify the issues currently before the Court; and

- Institution decisions in Defendants' IPR and Samsung's IPR are expected <u>two months</u> <u>before</u> the November 26, 2024 *Markman* hearing.

Because a stay will likely simplify the two underlying cases by eliminating most—if not all—issues for both trials, these cases are still in their infancy, and Plaintiff will not be prejudiced, Defendants respectfully request a stay pending final decisions on the IPR petitions and *ex parte* reexamination and any subsequent appeals.

## II.      ARGUMENT

### A.       A Stay Will Simplify the Issues

Cobblestone's reliance on a "consistent practice" overlooks this Court's explicit explanation that "[t]he likelihood of simplification of the issues should be determined on a case-by-case basis." *Resonant Sys., Inc. v. Samsung Elecs. Co., Ltd.*, No. 2:22-cv-00423-JRG, Dkt. 83 at 6 (E.D. Tex. Mar. 8, 2024); *CyWee Grp. Ltd. v. Samsung Elec. Co. Ltd.*, No. 2:17-cv-00140-

---

[1] On June 28, 2024, after Defendants filed their Motion to Stay on June 25, 2024 (but before Cobblestone filed its Response on July 9), Verizon, T-Mobile, AT&T, Nokia, and Ericsson filed a petition for *inter partes* review against the '802 Patent ("The Carrier's IPR").

WCB-RSP, 2019 WL 11023976, at *3 (E.D. Tex. Feb. 14, 2019) (Bryson, J.) ("[U]ltimately the Court must decide stay requests on a case-by-case basis."). The instant cases present material distinctions that warrant deviation from cases Cobblestone relies on in its response.

First, Plaintiff has asserted the '802 Patent against four other defendants in *seriatim* fashion beginning in June 2023 through the initiation of these suits in September 2023. These earlier-filed cases have deadlines sooner than those in the Docket Control Order (Dkt. 37), thus, a stay will conserve Court and party resources as similar issues continue to be litigated, *Markman* hearings held, and claim construction orders issued related to the sole patent at issue here.

Second, <u>all</u> of the asserted claims of the '802 Patent have been challenged in Defendants', Samsung's, and The Carrier's separate petitions for *inter parties* review, and have been ordered to be reexamined in the Unified Patents EPR. Thus, should the IPRs or reexamination result in cancellation or amendment of some or all of the asserted claims, "either some portion of the litigation will fall away, or the litigation will come to an end altogether." *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-cv-1058-WCB, 2015 WL 1069111, at *4 (E.D. Tex. Mar. 11, 2015) (Bryson, J.). Cobblestone's argument that the PTO has yet to issue any office actions in the reexamination (Dkt. 56 at 7) ignores that the Decision Granting *Ex Parte* Reexamination carefully reviewed the cited art and identified several substantial new questions of patentability.

Cobblestone's argument that PTO statistics show it is far more likely that the claims will be confirmed than canceled (*id*.) is similarly disingenuous. First, the statistics actually show that only about 20% of patents emerge from reexamination with all claims confirmed. In the other nearly 80% of cases, either all claims are canceled or amended:

| b. Certificates – 3rd PARTY REQUESTER | | 8226 |
| --- | --- | --- |
| a. All claims confirmed | 1804 | 21.9% |
| b. All claims canceled | 1250 | 15.2% |
| c. Claims changed | 5172 | 62.9% |

*See*   https://www.uspto.gov/sites/default/files/documents/ex_parte_historical_stats_.pdf.   Thus, Cobblestone's own statistics suggest there is an 80% chance that the now-granted reexamination will result in the cancellation or amendment of all or some claims. Cancellation of the claims would certainly simplify the case (or end it), while amendment could either simplify the case or change it so substantially that, if a stay is not granted, the work done in the interim would be wasted.

Third, institution decisions in Samsung's IPR and Defendants' IPR are expected two months before the November 26, 2024 *Markman* hearing – on or before September 14, 2024 and September 27, 2024, respectively. The PTAB's reasoning on claim construction—and the parties' arguments concerning it—could simplify or affect *Markman* briefing and arguments in this case. Plaintiff's brief highlights that Defendants' and Samsung's IPR petitions "do not seek construction of any term," (Dkt. 56, at 13), but omits that ***Plaintiff's*** Preliminary Patent Owner Responses sought special constructions of multiple terms and asserted that the preamble of claim 1 is limiting, supporting these arguments with expert declarations. Thus, it is not "pure speculation" whether Plaintiff will make statements in the IPRs that might be relevant to claim construction—Plaintiff has already done so, and the parties and the Court stand to benefit from delaying further claim construction activity in this case until the PTAB has had an opportunity address those positions in its institution decision.

For all of these reasons, the likelihood of simplification weighs in favor of staying these cases.

### B.      A Stay Will Not Substantially Prejudice Cobblestone

Cobblestone claims it will be prejudiced by a stay because these cases have been pending for nearly ten months and a delay will prejudice its right to vindicate its patent rights. Dkt. 56 at 9-10. This complaint ignores Plaintiff's ability to control the timing of the underlying District Court litigations and the *inter partes* reviews. Cobblestone initiated lawsuits asserting infringement of the '802 Patent beginning with Samsung in June 2023, but waited until the end of September to file the present actions. Since filing the instant suits and discovery opening in January 2024, Cobblestone has produced only two documents and served only a single set of common interrogatories. Cobblestone has not noticed or taken any depositions and has not served any third-party discovery. Thus, Cobblestone has not been litigating these cases as if it were seeking a timely vindication of its purported patent rights and to claim prejudice from a delay in response to a motion to stay is belied by Cobblestone's actions to date. In any case, mere delay in Cobblestone enforcing its patent rights is insufficient to constitute undue prejudice, especially when monetary damages are available to cure any prejudice. *Realtime Data, LLC v. Rackspace US, Inc.,* No. 6:16-CV-00961, 2017 WL 772654, at *4 (E.D. Tex. Feb. 28, 2017) ("[C]oncerns such as timely enforcement of patent rights are generally too generic, standing alone, to defeat a stay motion.").

With respect to the speed of the *inter partes* reexamination, Cobblestone controls the timing of those proceedings. Cobblestone can proceed on the expeditious schedule in progress, or delay resolution before the Patent Office by requesting extensions. Accordingly, Plaintiff will not be substantially prejudiced which weighs in favor of staying these cases.

### C.      A Stay Will Conserve Substantial Resources

The underlying cases are in their early stages and significant work remains to be done by the Court and the parties. Cobblestone's inability to identify anything more than the Court's scheduling conference and issuance of the DCO, PO, DO, and ESI Orders as evidence of the

Court's investment of resources in these cases (Dkt. 56 at 11) shows the weakness of its argument. The Court has not been presented with any discovery disputes, received claim construction briefing, prepared for or held *Markman* hearings, written claim construction orders, prepared for or held motions hearings, reviewed dispositive motions or *Daubert* motion briefing, or conducted pretrial conferences.

Likewise, as discussed above, the parties have yet to engage in substantial discovery. Cobblestone attempts to bolster its argument that the parties have invested substantial resources in these cases by stating that claim construction has begun. After Plaintiff's Response was filed, Defendants served a list of eight terms for construction, to which Cobblestone had nothing to add. That is the extent to which claim construction has progressed. In contrast, the parties will expend substantial resources during the two months leading up to the November 26, 2024 *Markman* hearing on claim construction briefing and technical tutorials. But because institution of Samsung's IPR and Defendants' IPR are expected on or before September 14, 2024 and September 27, 2024 respectively, a stay now will conserve these resources and allow the Court to resolve similar issues in the earlier-filed cases.

Accordingly, because the parties and the Court have not yet invested substantial resources, the early stage of the cases weighs in favor of staying these cases.

Dated:  July 17, 2024

Respectfully submitted,

*/s/ Holly Engelmann*
Melissa Richards Smith
Texas Bar No. 24001351
melissa@gillamsmithlaw.com
**GILLAM & SMITH LLP**
303 S. Washington Avenue
Marshall, Texas 75670
Telephone:  903.934.8450
Facsimile:  903.934.9257

Louis N. Jameson
GA State Bar No. 003970
wjameson@duanemorris.com
Matthew S. Yungwirth
GA State Bar No. 783597
msyungwirth@duanemorris.com
Jayla C. Grant
GA State Bar No. 312669
jcgrant@duanemorris.com
Glenn D. Richeson
GA State Bar No. 339261
gdricheson@duanemorris.com
**DUANE MORRIS LLP**
1075 Peachtree Street NE
Suite 1700
Atlanta, Georgia 30309-3929
Telephone: (404)-253-6910

Holly E. Engelmann
Texas Bar No. 24040865
hengelmann@duanemorris.com
**DUANE MORRIS LLP**
Terrace 7
2801 Via Fortuna, Suite 200
Austin, Texas 78746-7567
Telephone: (214) 257-7226

*Counsel for Defendant Cisco Systems, Inc.*

*/s/ Tyler Marandola*
Jennifer H. Doan
Texas Bar No. 08809050
jdoan@haltomdoan.com
Joshua R. Thane
Texas Bar No. 24060713
jthane@haltomdoan.com
**HALTOM & DOAN**
6500 Summerhill Rd., Suite 100
Texarkana, TX 75503
Telephone:  903.255.1000
Facsimile:  903.934.9257

Matthew S. Yungwirth
GA State Bar No. 783597
msyungwirth@duanemorris.com
**DUANE MORRIS LLP**
1075 Peachtree Street NE
Suite 1700
Atlanta, Georgia 30309-3929
Telephone: (404)-253-6910

Tyler Marandola
PA State Bar No. 313585
tmarandola@duanemorris.com
**DUANE MORRIS LLP**
30 S. 17th Street
Philadelphia, PA 19103
Telephone: (215) 979-1000

*Counsel for Defendants Hewlett Packard*
*Enterprise Company and Aruba Networks, LLC*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served on all counsel of record via ECF filing on July 17, 2024.

*/s/ Holly Engelmann*
Holly Engelmann
