# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| COBBLESTONE WIRELESS LLC,<br><br>*Plaintiff*,<br><br>V.<br><br>CISCO SYSTEMS, INC.,<br><br>*Defendant*. | Case No. 2:23-cv-00454-JRG-RSP<br><br>**LEAD CASE**<br><br>JURY TRIAL DEMANDED |
| COBBLESTONE WIRELESS LLC,<br><br>*Plaintiff*,<br><br>V.<br><br>HEWLETT PACKARD ENTERPRISE COMPANY and ARUBA NETWORKS, LLC,<br><br>*Defendant*. | Case No. 2:23-cv-00457-JRG-RSP<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF COBBLESTONE WIRELESS LLC'S SUR-REPLY IN OPPOSITION TO DEFENDANTS' MOTION TO STAY PENDING *INTER PARTES* REVIEW AND *EX PARTE* REEXAMINATION**

Defendants' arguments on reply are unavailing and do not support that a stay is warranted here, where its IPR petition has not been instituted.

***Simplification of the Issues.*** Defendants' pending IPR petition still has not been instituted, and this alone supports denial of their motion under this District's "established practice" of denying pre-institution motions to stay as "inherently premature." *Viavi Sols. Inc. v. Zhejiang Crystal-Optech Co.*, No. 2:21-CV-00378-JRG, 2022 WL 16856099, at *5 (E.D. Tex. Nov. 10, 2022). While it may be true that simplification is decided on a case-by-case basis, Defendants have not identified any special circumstances that warrant an exception to this Court's practice.

First, Defendants point to the fact that there are related cases that are on a slightly earlier schedule than this case. Reply at 2. But Defendants still have not identified any authority to support that related district court cases are relevant under this factor. And even if relevant, Defendants fail to explain how staying this case in favor of the other district court cases will simplify the issues here. Defendants have not specifically identified any overlapping issues, and have not agreed to be bound by the Court's findings in the Samsung and carrier cases. A stay will not simplify the issues at all. And to the extent there are any overlapping issues, the Court will still have the benefit of its decisions from the earlier-filed cases, regardless of a stay.

Defendants next argue that their pending IPR petition, as well as the pending Samsung IPR and the newly filed Carrier IPR (IPR2024-00946) challenge all asserted claims. Reply at 2. This certainly is not exceptional. Nor does it somehow change the speculative nature of Defendants' premature request. This Court frequently denies pre-institution motions to stay even where all asserted claims are challenged. *See Viavi Sols.*, 2022 WL 16856099, at *5. Defendants also ignore that they have not agreed to be bound by statutory estoppel with respect to the Samsung and Carrier IPRs. Thus, there will be no simplification even if those IPRs are instituted. Defendants are

2

essentially advocating for a *per se* rule that the mere existence of pending IPR petitions justifies a stay, which is decidedly not the law.

As to the reexam, Defendants still have not specifically identified a single issue that may be affected by the reexam, and instead continue to make vague assertions regarding the statistical likelihood of cancellation or amendment. This is insufficient. *See Longhorn HD LLC. v. NetScout Sys., Inc.*, No. 2:20-CV-00349-JRG, 2022 WL 71652, at *3 (E.D. Tex. Jan. 6, 2022). Defendants also argue that the "Decision Granting Ex Parte Reexamination carefully reviewed the cited art and identified several substantial new questions of patentability" (Reply at 2), which is just another way of saying they believe a stay should be granted simply because EPR has been instituted. This Court has squarely rejected such a rule. *See Solas OLED Ltd. v. Samsung Display Co., Ltd.*, No. 2:21-cv-00104-JRG, Dkt. 75 at 6 (E.D. Tex. Feb. 22, 2022).

Defendants also wrongly assert that "Cobblestone's argument that PTO statistics show it is far more likely that the claims will be confirmed than canceled" is "disingenuous." Reply at 2. This is absolutely true, as this Court recognized in *Longhorn*. 2022 WL 71652, at *3 n.6. The screenshot in Defendants' reply brief shows that there is a higher probability of all claims being confirmed than all claims being canceled (21.9% vs. 15.2%). Reply at 3. Additionally, the likelihood of at least some claims surviving reexam is far greater than the likelihood of all claims being canceled (84.8% vs. 15.2%). While it may be true that some of those surviving claims may be amended, "there is no way to know how or if such changes are significant or minor." *Longhorn*, 2022 WL 71652, at *3 n.6. At the end of the day, all Defendants have to offer is speculation, which is insufficient to support a stay.

Finally, Defendants assert that the "PTAB's reasoning on claim construction—and the parties' arguments concerning it—could simplify or affect Markman briefing and arguments in

3

this case." Reply at 3. But aside from vaguely referencing Cobblestone's preliminary responses, Defendants still have not specifically identified any claim construction issues in this case that may be affected by the statements in those responses. In any event, simplification is still speculative and unlikely given that the IPRs have not been instituted, and even assuming institution, the Court is not bound by the PTAB's claim constructions. Not surprisingly, Defendants cite no authority supporting that the mere possibility of PTO proceedings affecting claim construction supports an exception to this Court's practice of denying pre-institution motions to stay.

***The Prejudice to Cobblestone.*** Defendants first argue that Cobblestone cannot be prejudiced by delaying resolution of this case potentially for years because it waited three months longer to file this case than the Samsung and carrier cases filed in June 2023. This is nonsensical. Three months is a negligible difference and certainly not unreasonable, especially for a small company like Cobblestone. Defendants cite no authority otherwise. Defendants again point to the fact that Cobblestone has only produced a few documents, but fail to acknowledge much less dispute that in patent cases, the bulk of relevant documents typically comes from the accused infringer. The volume of documents produced by the patentee is hardly a reliable measure of prejudice. Defendants' arguments also ignore the long line of cases from this Court holding that delaying a plaintiff's vindication of its patent rights constitutes undue prejudice, even where only monetary damages are sought. *See, e.g.*, *MyPort, Inc. v. Samsung Electronics Co., Ltd.*, No. 2:22-43-CV-00114-JRG, Dkt. No. 73 at 4 & n.2 (E.D. Tex. Jun. 13, 2023).

Finally, Defendants' assertion that "Cobblestone controls the timing of [the IPR] proceedings" and "can proceed on the expeditious schedule in progress, or delay resolution before the Patent Office by requesting extensions" (Reply at 4) also fails. There is no evidence that Cobblestone intends to request any extensions. Nor does Cobblestone anticipate making any such

4

requests. But even if it did, Cobblestone has no control over the trial schedule and the timing of the PTAB's final written decision. It is also unclear how any hypothetical extensions requested by Cobblestone—which would be made solely so that Cobblestone could exercise its right to provide complete well-supported responses to the petitioners' arguments—somehow negate the prejudice that would result by delaying resolution of this case.

**The Stage of the Case.** Defendants argue that "the parties and the Court have not yet invested substantial resources" (Reply at 5), which is simply untrue. Fact discovery and claim construction are well under way. The parties will exchange proposed claim constructions in less than a week. And as noted in Cobblestone's opposition, claim construction discovery will be completed and opening claim construction briefs will have been served before the institution deadline for Defendants' IPR. The deadline for substantial completion of document production is shortly thereafter. A final written decision in Defendants' IPR—*if* instituted—would not come until after the trial in this case. Defendants still offer no explanation for they waited six months after the case was filed and three months after receiving Cobblestone's infringement contentions to file a petition for IPR. While it may be true that a lot of substantive work remains, this could be said at virtually every stage of litigation and *at best* makes this factor neutral—it does not support a stay. *See Longhorn*, 2022 WL 71652, at *4 ("Although it is true that the parties, and the Court, will still invest additional resources in this case, all dates for remaining case events—including trial—have been set and the Court intends to maintain those dates. Accordingly, the Court finds this factor does not favor a stay.").

Defendants' motion to stay should be denied.

Dated: July 24, 2024          Respectfully submitted,

<u>/s/ Reza Mirzaie</u>
Reza Mirzaie
CA State Bar No. 246953
Marc A. Fenster
CA State Bar No. 181067
Neil A. Rubin
CA State Bar No. 250761
Christian W. Conkle
CA State Bar No. 306374
Jonathan Ma
CA State Bar No. 312773
RUSS AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA  90025
Telephone: 310-826-7474
Email: rmirzaie@raklaw.com
Email: mfenster@raklaw.com
Email: nrubin@raklaw.com
Email: cconkle@raklaw.com
Email: jma@raklaw.com

*Attorneys for Plaintiff*
*Cobblestone Wireless LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2024, I electronically filed the foregoing document with the Clerk of the Court for the Eastern District of Texas using the ECF System which will send notification to the registered participants of the ECF System as listed on the Court's Notice of Electronic Filing.

/s/ *Reza Mirzaie*
Reza Mirzaie