**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| COBBLESTONE WIRELESS, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>CISCO SYSTEMS, INC.,<br><br>Defendant. | Case No. 2:23-cv-00454-JRG-RSP<br>(Lead Case)<br><br>**JURY TRIAL DEMANDED** |
| COBBLESTONE WIRELESS, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>HEWLETT PACKARD ENTERPRISE<br>COMPANY; ARUBA NETWORKS, LLC,<br><br>Defendants. | Case No. 2:23-cv-00457-JRG-RSP<br>(Member Case)<br><br>**JURY TRIAL DEMANDED** |

**JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT (P.R. 4-3)**

Pursuant to P.R. 4-3 and the Docket Control Order (Dkt. 37), Plaintiff Cobblestone Wireless, LLC ("Cobblestone"), Defendants Cisco Systems, Inc. ("Cisco"), Hewlett Packard Enterprise Company ("HP"), and Aruba Networks, LLC ("Aruba") (collectively, the "Parties") have met and conferred, and hereby submit this Joint Claim Construction and Prehearing Statement.

The claim construction hearing set for November 26, 2024 will address U.S. Patent No. 7,924,802 ("Patent-in-Suit" or the "'802 Patent").

**I.      P.R. 4-3(a)(1) Agreed Claim Constructions**

At this time, the Parties have not agreed on the construction of any of the terms identified in their separate lists of proposed terms and constructions in the Parties' respective P.R. 4-1 and

1

4-2 disclosures.  Should the Parties reach any such agreements prior to the Claim Construction Hearing, they will advise the Court.

## II.    P.R. 4-3(a)(2) Proposed Construction of Terms in Dispute

Exhibit A hereto identifies the Parties' proposed constructions of each disputed claim term with intrinsic and extrinsic evidence to support such constructions.  All Parties reserve the right to rely upon any intrinsic or extrinsic evidence identified by any other Party.  In addition, each Party reserves the right to amend, correct, or supplement its claim construction positions and supporting evidence in response to any change of position by any other Party, or for other good cause.

## III.    P.R. 4-3(a)(3) Anticipated Length of Time for Claim Construction Hearing

The Parties anticipate the length of time necessary for the claim construction hearing will be 1.5 hours, divided equally between the Parties, with Defendants Cisco, HP, and Aruba being on one side having 45 minutes, and Cobblestone being on the other side having 45 minutes.[1]

## IV.    P.R. 4-3(a)(4) Anticipated Witnesses at the Claim Construction Hearing

At this time, the parties do not anticipate calling any witnesses at the Claim Construction Hearing.

## V.    P.R. 4-3(a)(5) Other Issues to be Addressed at a Prehearing Conference Prior to the Claim Construction Hearing

Defendants state that the following motion has been fully briefed by the Parties and could be ruled on by the Court at a prehearing conference prior to the Claim Construction Hearing:

>    a.    Defendants' Opposed Motion to Stay Proceedings Pending *Inter Partes* Review and *Ex Parte* Reexamination [Dkt. 52]; Plaintiff Cobblestone Wireless LLC's Opposition to Defendants' Motion to Stay Proceedings Pending *Inter Partes* Review and *Ex Parte* Reexamination [Dkt. 56]; Defendants' Reply in Support of Motion to Stay Proceedings Pending *Inter Partes* Review and *Ex Parte* Reexamination [Dkt. 57]; and Plaintiff Cobblestone Wireless LLC's Sur-Reply in Opposition to Defendants' Motion to Stay Proceedings Pending *Inter Partes*

---

[1] Defendants Cisco, HP, and Aruba will jointly present their arguments on the construction of the disputed terms at the claim construction hearing.

Review and *Ex Parte* Reexamination  [Dkt. 58].

Cobblestone states that it does not take a position whether or not the stay motion should be taken up at a prehearing conference prior to the Claim Construction Hearing.

Dated:  August 15, 2024                                   Respectfully submitted,

| */s/ Christian W. Conkle* | */s/ Kyrie K. Cameron* | */s/ Matthew S. Yungwirth* |
|---|---|---|
| *Counsel for Plaintiff Cobblestone Wireless, LLC* | *Counsel for Defendant Cisco Systems, Inc.* | *Counsel for Hewlett Packard Enterprise Company and Aruba Networks, LLC* |
| Marc Fenster<br>CA State Bar No. 181067<br>Reza Mirzaie<br>CA State Bar No. 246953<br>Neil A. Rubin<br>CA State Bar No. 250761<br>Amy E. Hayden<br>CA State Bar No. 287026<br>James Pickens<br>CA State Bar No. 307474<br>Christian W. Conkle<br>CA State Bar No. 306374<br>Jonathan Ma<br>CA State Bar No. 312773<br>**RUSS AUGUST & KABAT**<br>12424 Wilshire Blvd. 12th Floor<br>Los Angeles, CA 90025<br>Telephone: 310-826-7474<br>rak_cobblestone@raklaw.com<br><br>Andrea Fair<br>**WARD SMITH & HILL, PLLC**<br>1507 Bill Owens Parkway<br>Longview, Texas 75604<br>(903) 757-6400<br>andrea@wsfirm.com | Randol Wayne Read (TBN 00798457)<br>rread@pattersonsheridan.com<br>Kyrie K. Cameron (TBN 24079450)<br>kcameron@pattersonsheridan.com<br>Archibald Deleon Cruz (TBN 24137564)<br>acruz@pattersonsheridan.com<br>**PATTERSON + SHERIDAN LLP**<br>24 Greenway Plaza, Suite 1600<br>Houston, Texas 77046<br>Telephone: (713) 623-4844<br>Facsimile: (713) 623-4846<br><br>Eric H. Findlay (TBN 00789886)<br>efindlay@findlaycraft.com<br>**FINDLAY CRAFT, P.C.**<br>7270 Crosswater Avenue, Suite B<br>Tyler, Texas 75703<br>Telephone: (903) 534-1100<br>Facsimile: (903) 534-1137<br><br>Holly Engelmann (TBN 24040865) | Matthew S. Yungwirth<br>msyungwirth@duanemorris.com<br>**DUANE MORRIS LLP**<br>1075 Peachtree Street NE, Suite 1700<br>Atlanta, GA 30309<br>Telephone: (404) 253-6915<br>Facsimile: (404) 253-6901<br>Tyler Marandola<br>TMarandola@duanemorris.com<br>**DUANE MORRIS LLP**<br>30 South 17 Street<br>Philadelphia, PA 19103<br>Telephone: (215) 979-1529<br>Facsimile: (215) 689-1914<br><br>Jennifer Haltom Doan<br>JDoan@haltomdoan.com<br>**HALTOM & DOAN**<br>6500 Summerhill Road, Suite 100<br>Texarkana, TX 75503<br>Telephone: (903) 255-1000<br>Facsimile: (903) 255-0800 |

| | | |
|---|---|---|
| | HEngelmann@duanemorris.com<br>**DUANE MORRIS LLP**<br>Terrace 7<br>2801 Via Fortuna, Suite 200<br>Austin, Texas 78746-7567<br>Telephone: (512) 277-2246<br>Facsimile: (512) 597-2301<br><br>Louis N. Jameson<br>WJameson@duanemorris.com<br>Matthew S. Yungwirth<br>msyungwirth@duanemorris.com<br>Jayla C. Grant<br>jcgrant@duanemorris.com<br>**DUANE MORRIS LLP**<br>1075 Peachtree Street NE,<br>Suite 1700<br>Atlanta, GA 30309<br>Telephone: (404) 253-6915<br>Facsimile: (404) 253-6901<br>msyungwirth@duanemorris.com<br>JCGrant@duanemorris.com | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 15, 2024, I caused the foregoing to be electronically served to all counsel of record.

/<u>s/ Christian W. Conkle</u>

4

**EXHIBIT A TO JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT**

| Term | Cobblestone's Proposed Construction and Evidence | Cisco, HP, and Aruba's Joint Proposed Construction and Evidence |
|---|---|---|
| "A method of transmitting information in a wireless communication channel comprising" (preamble – claim 1) | The preamble is limiting as to "in a wireless communication channel"<br><br>**Intrinsic Evidence**:<br>'802 Patent at Abstract, 1:61-63, 2:45-47; 6:60-62; 10:63-66, 12:14-15, 13:21-23; cl. 1<br><br>Any intrinsic evidence relied upon by Defendants. | No construction necessary<br><br>**Intrinsic Evidence:**<br>'802 Patent at Claims, Figs. 6, 7A and 7B, 5:27-31, 9:9-10:61.<br><br>File history of the '802 Patent, including statements made by Plaintiff as Patent Owner in IPR 2024-0707 and IPR 2024-0606.<br><br>Any intrinsic evidence relied upon by Plaintiff.<br><br>**Extrinsic Evidence:**<br>Papers and Evidence submitted with IPR 2024-0707 (to the extent not qualified as intrinsic evidence).<br><br>Any extrinsic evidence relied upon by Plaintiff. |

| Term | Cobblestone's Proposed Construction and Evidence | Cisco, HP, and Aruba's Joint Proposed Construction and Evidence |
|---|---|---|
| "first center frequency / second center frequency" (claim 1) | The frequency of the carrier that the baseband signal is upconverted to<br><br>**Intrinsic Evidence**:<br>'802 Patent at 1:25-49, 2:6-9, 5:60-7:31, 9:9-57, 10:64-11:20, 12:33-58; *passim* (90 references to "center frequency"); figs. 2, 3; cl. 1; IPR2024-00707 Exs. 2001, 2002 (Declaration and CV of Todor Cooklev)<br><br>Any intrinsic evidence relied upon by Defendants<br><br><br>**Extrinsic Evidence**:<br>IEEE Dictionary of Standards Terms, Seventh Edition (2000), definition of "channel" | Plain and ordinary meaning<br><br>**Intrinsic Evidence:**<br>'802 Patent at Abstract; Claims; 1:25-49, 2:6-9, 6:48-53, 7:29-31, and 9:35-41; and Figs. 2-6.<br><br>File history of the '802 Patent, including statements made by Plaintiff as Patent Owner in IPR 2024-0707, *e.g.*, Patent Owner's Preliminary Response at 3-18, and IPR 2024-0606, *e.g.*, Patent Owner's Preliminary Response and Patent Owner's Sur-Reply.<br><br>Any intrinsic evidence relied upon by Plaintiff.<br><br>**Extrinsic Evidence:**<br>Papers and Evidence submitted with IPR 2024-0707 (to the extent not qualified as intrinsic evidence).<br><br>47 C.F.R. § 22.99 (defining "center frequency" as "the frequency of the middle of the bandwidth of a channel"); 59 F.R. 59498, at 59507 (Nov. 17, 1994)<br><br>Any extrinsic evidence relied upon by Plaintiff. |