IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| COBBLESTONE WIRELESS, LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:23-cv-00454-JRG-RSP |
| | § | (LEAD CASE) |
| CISCO SYSTEMS, INC., | § | |
| | § | |
| *Defendants*. | § | |

**<u>MEMORANDUM ORDER</u>**

Before the Court is the Motion to Stay Pending *Inter Partes* Review and *Ex Parte* Review, filed by Cisco Systems, Inc., Hewlett Packard Enterprise Company, and Aruba Networks, LLC.. **Dkt. No. 52**. After consideration, the Court **GRANTS** the Motion to Stay.

## I.    BACKGROUND

Plaintiff Cobblestone Wireless, LLC filed complaints against Defendants Cisco Systems, Inc., Hewlett Packard Enterprise Company, and Aruba Networks, LLC on September 29, 2023, asserting infringement of U.S. Patent No. 7,924,802. On November 2, 2023, the Court consolidated these cases for all pretrial proceedings. Dkt. No. 15. On August 13, 2024 the Court issued an Amended Docket Control Order. Dkt. No. 60. Pursuant to that Order, the Claim Construction hearing was set for November 26, 2024, fact discovery closes on January 15, 2025, expert discovery ends on March 10, 2025, and trial is set to begin on June 23, 2025, among other deadlines. *Id.*

On March 19, 2024 Cobblestone Wireless, LLC and Hewlett Packard Enterprise Company filed a petition for *inter partes* review on all asserted claims of the '802 Patent. IPR2024-00707, Doc. 40. The Board instituted a trial for the '802 Patent on September 24, 2024. *Id.*, Doc. 26. A final written decision for the IPR is expected by September 24, 2025.

On June 25, 2024, all Defendants filed the current Motion to Stay, requesting that the Court stay this case until the Board has concluded IPR of the Asserted Patents. Dkt. No. 52. The matter is now fully briefed.[1]

## II.    LEGAL STANDARD

"The party seeking a stay bears the burden of showing that such a course is appropriate." *Peloton Interactive, Inc. v. Flywheel Sports, Inc.*, No. 218-cv-390-RWS-RSP, 2019 WL 3826051, at *1 (E.D. Tex. Aug. 14, 2019) (quoting *Realtime Data, LLC v. Hewlett Packard Enter. Co.*, No. 6:16-cv-86-RWS-JDL, 2017 WL 3712916, at *3 (E.D. Tex. Feb. 3, 2017)); *accord Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). "The decision of whether to extend a stay falls solely within the court's inherent power to control its docket." *Pers. Audio LLC v. Google, Inc.*, 230 F. Supp. 3d 623, 626 (E.D. Tex. 2017) (citing *ThinkOptics, Inc. v. Nintendo*, No. 6:11-cv-455-LED, 2014 WL 4477400, at *1 (E.D. Tex. Feb. 27, 2014)); *accord Clinton v. Jones*, 520 U.S. 681, 706 ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.") (citing *Landis*, 299 U.S. at 254).

District courts typically consider three factors when deciding whether to stay litigation pending IPR of the asserted patent(s): "(1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will simplify issues in question in the litigation." *Trover Grp., Inc. v. Dedicated Micros USA*, No. 2:13-CV-1047-WCB, 2015 WL 1069179, at *2 (E.D. Tex. Mar. 11, 2015) (collecting cases).

---

[1] After Defendants filed the Motion on June 25, 2024, Cobblestone responded on July 9, 2024. Dkt. No. 52; Dkt. No. 56. Defendants then replied on July 17, 2024, with Cobblestone filing their Sur-Reply on July 24, 2024. Dkt. No. 57; Dkt. No. 58.

### III.    ANALYSIS

#### a.    *Inter Partes* Review

##### i.    Undue Prejudice

Defendants argue that Cobblestone will not suffer any undue prejudice if the Court grants a stay because Cobblestone does not make any products or compete with Defendants and, therefore, Cobblestone can be sufficiently compensated through monetary relief for any purported damages. Dkt. No. 52 at 1, 6. Cobblestone counters by arguing that a stay would delay its interest in the timely enforcement of its patent rights. Dkt. No. 56 at 9-10.

Cobblestone's concern is entitled to some weight. *Uniloc USA, Inc. v. Acronis, Inc.*, No. 615-cv-1001-RWS-KNM, 2017 WL 2899690, at *2 (E.D. Tex. Feb. 9, 2017) (citing *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-CV-1058-WCB, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015)). However, this factor is present in every case in which a patentee resists a stay, and is therefore not sufficient, standing alone, to defeat a motion to stay. *Id*. (citing *NFC Tech.*, 2015 WL 1069111, at *2); *see also Trover*, 2015 WL 1069179, at *2 (collecting cases). Where, as here, a patentee seeks exclusively monetary damages, as opposed to a preliminary injunction or other relief, "mere delay in collecting those damages does not constitute undue prejudice." *Id*. (quoting *SSL Servs., LLC v. Cisco Sys., Inc.*, No. 2:15-cv-433-JRG-RSP, 2016 WL 3523871, at *2 (E.D. Tex. June 28, 2016)) (citing *VirtualAgility Inc. v. Salesforce.com*, 759 F.3d 1307, 1318 (Fed. Cir. 2014)). Nevertheless, since the final written decision for the IPR could issue after the scheduled trial, this factor weighs against a stay.

##### ii.    Stage of the Case Proceedings

Defendants argue a stay is warranted because this case is still in its early stages, with significant pre-trial events yet to occur. Dkt. No. 52 at 6-7. Cobblestone counters that this case has

been pending for nearly 10 months, with many documents produced and interrogatories answered. Dkt. No. 56 at 11.

"Usually, the Court evaluates the stage of the case as of the time the motion was filed." *Peloton Interactive*, 2019 WL 3826051, at *5 (quoting *Papst Licensing GMBH & Co., KG v. Apple, Inc.*, 6:15-cv-1095-RWS, slip op. at 7 (E.D. Tex. June 16, 2017)) (citing *VirtualAgility*, 759 F.3d at 1317). The instant Motion was filed on June 25, 2024. Dkt. No. 52 at 10. At that point, a trial date had been set, Dkt. No. 37, and a Discovery Order had been entered, Dkt. No. 45. However, Defendants are correct in asserting that large parts of discovery and many other important deadlines were still left at that point. Accordingly, this factor weighs in favor of a stay.

### iii.  Issue Simplification

Whether a stay "will result in simplification of the issues before a court is viewed as the most important factor when evaluating a motion to stay." *Uniloc USA*, 2017 WL 2899690, at *3 (citing *Intellectual Ventures II LLC v. Kemper Corp.*, No. 6:16-cv-81-JRG, 2016 WL 7634422, at *2 (E.D. Tex. Nov. 7, 2016); *NFC Tech.*, 2015 WL 1069111, at *4). "Simplification of the issues depends on whether the PTAB decides to grant the petition." *Id*. (citing *Trover*, 2015 WL 1069179, at *4; *Loyalty Conversion Sys. Corp. v. Am. Airlines, Inc.*, No. 2:13-cv-655-WCB, 2014 WL 3736514, at *2 (E.D. Tex. July 29, 2014)).

Defendants contend that the IPR proceedings currently pending against Cobblestone's asserted patents will greatly simplify the issues for this Court. Dkt. No. 56 at 2. To demonstrate this, Defendants need to show that every asserted claim has a reasonable likelihood of being invalidated by the Board for the Court to grant the Motion. Here, the Board has instituted a trial covering all asserted claims. IPR2024-00707 at 51. Accordingly, the simplification factor weighs in favor of a stay.

IV.    **CONCLUSION**

The Court finds that, overall, the situation here merits a stay: the first factor for the IPR analysis weighs slightly against a stay, but the second and third factors—the third being the most important—weigh in favor. Accordingly, this case is **STAYED** pending further order.  Counsel are directed to advise the Court by Notice within 14 days of any decision by the PTAB.

**SIGNED this 9th day of December, 2024.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE